[No. 10621.   Department Two.   January 29, 1913.]

SAMUEL K. SORENSON, *Respondent*, v. PERKINS & COMPANY, *Appellant*, P. N. CHRISTIANSEN *et al.*, *Defendants*.[1]

SCHOOLS AND SCHOOL DISTRICTS——ELECTIONS——NOTICE——SUFFICIENCY. A notice of a special school district election does not invalidate the election merely because it was not as full and complete as it might have been.

SCHOOLS AND SCHOOL DISTRICTS——POWERS——PURCHASE OF PLAYGROUND. A school district has power to purchase property for the purpose of a gymnasium and playground for the use of school children.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered April 6, 1912, in favor of the plaintiff, upon sustaining a demurrer to the answer, in an action to enjoin the payment of warrants issued by a school district. Reversed.

*Kerr & McCord* and *J. N. Hamill*, for appellant.

FULLERTON, J.—On December 9, 1911, a special meeting of the voters of School District No. 6 of Snohomish county was held, at which meeting the directors of the school district were directed to purchase certain specifically described tracts of land to be used by the children of such district "as a gymnasium and playground." Acting pursuant to the direction so given, the board of directors purchased the lots described from the owner thereof, taking title thereto in the name of the district, and issued to such owner two warrants aggregating $550, drawn on the funds of the district, in payment thereof. These warrants were duly presented to the county treasurer for payment, but the treasurer, conceiving that he had no funds applicable to their payment, endorsed them as required by statute and returned them to the

[1]Reported in 129 Pac. 577.

holder.  Subsequently the warrants were purchased by the appellant in the present action.

After the purchase of the warrants by the appellant, this action was begun by the respondent to enjoin their payment. In his complaint the respondent alleged, in substance, that the warrants were illegal and void for want of regularity in their issuance, and because issued as the purchase price of property acquired for a purpose not authorized by law.  To the complaint the appellant answered, setting out in detail the proceedings leading up to the issuance of the warrants. To this answer a demurrer was interposed, which the trial court sustained.  Subsequently a judgment was entered enjoining the payment of the warrants, the judgment being rested on the ground "that the action of said school district in purchasing said lots for the purposes aforesaid and in issuing said warrants was *ultra vires* and of no legal effect, and that said warrants were and are null and void."  This appeal is prosecuted from the judgment so entered.

As the respondent has not favored us with a brief, and as the complaint does not specifically point out the objections to the school meeting at which the purchase of the land was directed, we are uncertain what constitutes the particular irregularity in the proceedings that is thought to render them void.  We have examined the proceedings, nevertheless, in the light of the statute, and can find nothing therein which seems to us to justify the conclusion that they are either irregular or void.  The notice of the meeting given by the clerk may not have been as full as could be made, but it is sufficient under the rule laid down in *Regan v. School District No. 25*, 44 Wash. 523, 87 Pac. 828, and *State ex rel. School District No. 56 v. Superior Court*, 69 Wash. 189, 124 Pac. 484.

The case last cited is conclusive also of the principal question in the case.  We there held that school districts could exercise the power of eminent domain to acquire land for the use of school children as an athletic field and general play-

ground; and certainly, if it be within the power of the school district to acquire land for these purposes by condemnation proceedings, it is within its powers to purchase land on which to erect a gymnasium and construct a playground.

The judgment appealed from will therefore be reversed, and remanded with instruction to the lower court to overrule the demurrer to the answer and proceed to a final determination of the cause.

MOUNT, ELLIS, MORRIS, and MAIN, JJ., concur.