[No. 13453.  *En Banc.*  May 10, 1918.]

LAURETTA B. KELLEY, *Respondent* v. SCHOOL DISTRICT No. 71, OF KING COUNTY, *Appellant.*[1]

SCHOOLS AND SCHOOL DISTRICTS—LIABILITY FOR TORTS—STATUTES —REPEAL. The school code (Rem. Code, § 4302 *et seq.*) providing for a general and uniform public school system, does not impliedly repeal Id., § 951, rendering a school district liable for torts; in view of the fact that repeals by implication are not favored and that the act makes no reference to liabilities for torts.

STATUTES—CONSTRUCTION—RETROACTIVE EFFECT. Laws 1917, p. 332, § 1, providing that no action shall be "brought or maintained" against a school district for non-contractual acts or omissions of officers or employees relating to playgrounds owned or operated by the district does not apply to an action which had gone to judgment against the school district prior to the taking effect of the law in June 1917, notwithstanding the pendency of an appeal by the defendant at that time; since the prevailing party is not "maintaining" an action by appearing and resisting the appeal.

SCHOOLS AND SCHOOL DISTRICTS—INJURY TO PUPIL—NEGLIGENCE. The negligence of a school district in maintaining a swing is sufficiently shown by the breaking of an iron ring of considerable thickness, which was used in one position until it was worn down at the point of contact to a thin edge, which finally gave way.

APPEAL—REVIEW—INSTRUCTIONS. Error cannot be predicated upon a paragraph of the instructions standing alone, where the instructions, considered as a whole, could not have prejudiced the appellant.

SCHOOLS AND SCHOOL DISTRICTS—INJURY TO PUPIL—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. In an action for injuries to a child sustained through a defective playground swing, requested instructions on the subject of contributory negligence and assumption of risks are properly refused where they assumed that the child owed the duty of inspecting the swing.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered December 6, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a minor through the breaking of a swing. Affirmed.

[1]Reported in 173 Pac. 333.

*Alfred H. Lundin, Robert H. Evans,* and *S. M. Brackett,* for appellant.

*Brightman & Tennant,* for respondent.

FULLERTON, J.—The respondent, a child nine years of age, while attending a public school at Kirkland conducted by the appellant district, was injured by the breaking of a swing maintained by the district as part of the playground equipment on the school grounds. On a trial to a jury, she recovered a verdict of $750. From the judgment entered thereon, the school district prosecutes this appeal.

The first contention of the appellant is that a school district is not liable for an injury to a pupil of the school caused by the negligent maintenance of apparatus on the school grounds, although used, and installed to be used, by the pupils of the school for exercise and play. It is conceded that this court has held to the contrary in the cases of *Redfield v. School District No. 3,* 48 Wash. 85, 92 Pac. 770, and *Howard v. Tacoma School District No. 10,* 88 Wash. 167, 152 Pac. 1004, Ann. Cas. 1917D 792, but it is said that these cases have for their foundation a section of the code creating a liability (Rem. Code, § 951), and that the particular section was repealed, in so far as the liability of school districts is concerned, by a later enactment of the legislature. The act thought to work the repeal is ch. 97 of the Laws of 1909, p. 230 (Rem. Code, § 4302), the act, as its title recites, "establishing, providing for the maintenance of, and relating to, a general and uniform public school system for the state of Washington." But a perusal of the act shows that there was no direct repeal of the section cited, and, if there is a repeal at all, it is a repeal by implication. The act is long and it would be unprofitable to attempt to epitomize its provisions here. Its examination will show that it makes refer-

ence in a certain section to the school district's contractual obligations, and provides for the payment of judgments against it entered upon such obligations. But it nowhere makes reference to liabilities for torts, much less does it say that no liability shall attach for the commission of a tort. When it is remembered that repeals by implication are not favored, we cannot think there is here room for holding an implied repeal merely because in this particular section no mention is made of torts.

Since the happening of this accident and the recovery thereon in the court below, the legislature has provided that no recovery shall be had against a school district for accidents such as the one now before us, the act taking effect while the appeal was pending in this court. Laws of 1917, p. 332. By a supplemental brief it is urged that this act is a bar to any recovery and requires a reversal and dismissal. But the case is, in its situation, parallel to that of *Bruenn v. North Yakima School District No. 7*, 101 Wash. 374, 172 Pac. 569, and, on the authority of that case, is still a liability against the district.

On the merits of the controversy, the appellant contends there was no proof of negligence on its part in the maintenance of the swing which broke and caused the injury, but we think the evidence ample in this respect for the jury. In fastening the swing to its supports, an iron ring was used which passed through the eye of a staple. The use of the swing caused the ring to move in the staple eye, creating a friction which gradually wore it down at the point of contact. It was the giving way of this ring at the point of contact that caused the accident. The objection to the proof is that there was no evidence of want of inspection, no evidence that it had been in a worn and defective condition for any considerable period of time, or that inspection

would have disclosed its dangerous condition.  But the broken ring was before the jury, and its examination, when considered with the surrounding conditions, furnished proof of all of these things.  It was, when installed, of considerable thickness, sufficient in strength to sustain any weight that common prudence could reasonably expect to be placed on the swing.  But the ring was suffered to be used in one position, the result being that it wore down at the point of contact with its fastening to a thin edge, having but a fraction of its original strength when it finally gave way.  In the light of these facts, it is too much to suppose that the ring became dangerous suddenly, or that ordinary careful inspection would not have discovered its dangerous condition in time to have averted the accident. Since the school district installed the swing, they were charged with the duty of keeping it reasonably safe for the uses for which it was intended.  This involved the duty of inspection, and a failure to perform the duty in an ordinarily prudent manner was negligence.

Complaint is made of certain instructions given and of the refusal to give certain requested instructions. Of the instructions given, it is said that they ignore the element of time with reference to the duty of inspection, thus fixing liability upon the defendant even though the defect causing the swing to give way occurred suddenly and immediately prior to its giving way; that they invoked the doctrine of *res ipsa loquitur,* a doctrine not applicable to the facts of the case; and that no rule was given the jury by which they could determine whether the duty of inspection had been prudently exercised.  But we cannot think the language of the particular paragraph pointed out as containing these inferences will bear the interpretation put upon it, even though it stood alone.  The paragraph, however, did not stand alone.  Elsewhere the

court defined the issues, instructed that no presumption of negligence arose from the mere happening of the accident, and clearly pointed out what the jury must find from a preponderance of the evidence before they could find liability on the part of the defendant. As a whole, the instructions were clear and unbiased and could by no reasonable interpretation have prejudiced the defendant. It is not necessary that a trial court in instructing a jury follow the statement of each general rule with its modifications and exceptions. Such a practice tends rather to confusion than enlightenment. It is the better practice to do as was done in this instance; first state the general applicable rules, and follow them with the modifications and exceptions.

The requested instructions related to contributory negligence on the part of the minor plaintiff. The court was asked to instruct the jury that, if the plaintiff could, by the exercise of ordinary care and caution, have foreseen that the material of the swing was defective or worn and that, by using it or swinging therein, an accident would happen to her through the breaking of the swing, she assumed the risk of swinging therein, and could not, for that reason, recover for her injuries. But this assumes that the plaintiff owed a duty of inspecting the swing. Such is not the rule. She had a right to assume that the defendant had performed its duty and that the swing was reasonably safe for the uses for which it was constructed. Not having this duty imposed upon her, she cannot be charged with the risk of its breaking because she failed to examine it before using it. The plaintiff was nine years of age. It may be doubtful, we think, whether a child of her tender years could, in any event, be held to the doctrine of assumption of risk or contributory negligence. *Gregg v. King County,* 80 Wash. 196, 141 Pac. 340, Ann. Cas. 1916C 135. But there was here evidence that she

was using the swing in the manner it was intended to be used, and hence nothing upon which to base an instruction of contributory negligence. or assumption of risk.

The judgment is affirmed.

ELLIS, C. J., PARKER, MAIN, CHADWICK, WEBSTER, and HOLCOMB, JJ., concur.