[No. 15590.　Department One.　December 1, 1919.]

ROBERT BAILEY, *by his Guardian etc., Appellant*, v. SCHOOL DISTRICT No. 49, KING COUNTY, *Respondent*.[1]

SCHOOLS AND SCHOOL DISTRICTS (29-1)—TORTS — ACTIONS — RIGHT TO MAINTAIN—STATUTES. Laws 1917, p. 332, providing that no action shall be brought or maintained against a school district for non-contractual acts or omissions of officers or employees relating to playgrounds, applies to pending actions that had accrued prior to the enactment of the law.

CONSTITUTIONAL LAW (68)—VESTED RIGHTS—RIGHT OF ACTION IN TORT. As the right to sue a school district in tort rests in statute, it is not a vested right of property; hence Laws 1917, p. 332, repealing the law, is not unconstitutional in depriving a child of his former right of action for injuries sustained on playgrounds prior to the enactment of the law.

Appeal from a judgment of the superior court for King county, Hall, J., entered January 17, 1919, upon sustaining a demurrer to the complaint, dismissing an action for personal injuries sustained by a pupil while using playground apparatus. Affirmed.

*Morris & Shipley* and *Thomas J. Casey,* for appellant.

*Fred C. Brown* and *Chas. Ethelbert Claypool,* for respondent.

MACKINTOSH, J.—The appellant's ward was injured in December, 1916, while using certain playground apparatus belonging to the respondent. This action was commenced on May 3, 1917. The act of 1917 (ch. 92, Laws of 1917, p. 332) went into effect on June 6, 1917, and provides that:

"No action shall be brought or maintained against any school district or its officers for any non-con-

[1]Reported in 185 Pac. 810.

tractual acts or omission of such district, its agents, officers or employees, relating to any park, playground, or field house, athletic apparatus or appliance, or manual training equipment, whether situated in or about any school house or elsewhere, owned, operated or maintained by such school district.''

And upon the strength of this act, the superior court sustained a demurrer to the appellant's complaint. Appellant states the question: ''Does the legislative act of 1917 apply to a cause of action which had fully accrued prior to the passage of the act, an action upon the same being pending in the superior court at the time the act went into effect?'' and insists that a negative answer is demanded, for the reason that a retroactive effect should not be given to the act, and if so given, the act is unconstitutional as taking property without due process of law.

The argument of appellant is, in the main, answered by our holdings in the cases of *Bruenn v. North Yakima School Dist. No. 7,* 101 Wash. 374, 172 Pac. 569; *Foley v. Pierce County School Dist. No. 10,* 102 Wash. 50, 172 Pac. 819; and *Holt v. School Dist. No. 71,* 102 Wash. 442, 173 Pac. 335; and that answer is that the appellant cannot ''maintain'' his action. The answer to the alleged unconstitutionality of the act would seem to lie in the fact that the right to maintain a tort action against a municipality is not a vested right in property. The right to sue the school district, before the passage of the act of 1917, rested entirely upon the statute giving such right, and to repeal that statute destroys no vested rights. The authorities relied on by the appellant do not deal with rights of action against municipalities which are solely the creation of statutes, but refer to vested rights as defined in *Pritchard v. Norton,* 106 U. S. 124:

''Hence it is that a vested right of action is property in the same sense in which tangible things are prop-

erty, and is equally protected against arbitrary interference. *Whether it springs from contract or from the principles of the common law, it is not competent for the legislature to take it away."*

The appellant had no vested right, prior to judgment, in a policy of legislation which entitled him to insist that that policy be maintained for his benefit. The supreme court of the United States, in *Beers v. Arkansas*, 61 U. S. (20 How.) 527, has said:

"It is an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts, or in any other, without its consent and permission; but it may, if it thinks proper, waive this privilege, and permit itself to be made a defendant in a suit by individuals, or by another state. And as this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted, and may withdraw its consent whenever it may suppose that justice to the public requires it.

"Arkansas, by its Constitution, so far waived the privilege of sovereignty as to authorize suits to be instituted against it in its own courts, and delegated to its General Assembly the power of directing in what courts, and in what manner, the suit might be commenced. And if the law of 1854 had been passed before the suit was instituted, we do not understand that any objection would have been made to it. The objection is, that it was passed after this suit was instituted, and contained regulations with which the plaintiff could not conveniently comply. But the prior law was not a contract. It was an ordinary Act of legislation, prescribing the conditions upon which the state consented to waive the privilege of sovereignty. It contained no stipulation that these regulations should not be modified afterwards, if, upon experience, it was found that further provisions were necessary to protect the public interest; and no such contract can be implied from the law, nor can this court inquire

whether the law operated hardly or unjustly upon the parties whose suits were then pending. That was a question for the consideration of the legislature. They might have repealed the prior law altogether, and put an end to the jurisdiction of their courts in suits against the state, if they had thought proper to do so, or prescribe new conditions upon which the suits might still be allowed to proceed. In exercising this latter power, the state violated no contract with the parties; it merely regulated the proceedings in its own courts, and limited the jurisdiction it had before conferred in suits when the state consented to be a party defendant.''

The reasoning of that case, involving the right to repeal a law giving a right of action against the state while such action was pending, would seem to govern here.

The sustaining of the demurrer was correct.

Judgment affirmed.

HOLCOMB, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.