[No. 15479.  Department One.  March 1, 1920.]

WILLIAM RALPH STOVALL, *Respondent,* v. TOPPENISH
SCHOOL DISTRICT No. 49, *Appellant.*[1]

SCHOOLS AND SCHOOL DISTRICTS (29-1)—LIABILITIES—TORTS—NEG-
LIGENCE — PLAYGROUND APPARATUS—STATUTES—CONSTRUCTION.  Rem.
Code, § 951, as amended by Laws 1917, p. 332, which provides that
no action shall be maintained against any school district relating to
any "park, playground or field house, athletic apparatus or appliance
or manual training equipment," whether situated in or about any
schoolhouse or elsewhere, only exonerates school districts from lia-
bility as to athletic apparatus or appliances or manual training
equipment used in connection with any park, playground or field
house; hence a district is liable for negligence in leaving on the
school grounds a steel tank taken from its building, upon which a
child was injured while playing upon it.

STATUTES (65) — CONSTRUCTION — HISTORY AND PASSAGE OF ACT.
Where an act to exonerate school districts from all liability failed
of passage and was passed in a restricted form, the history of the
act sustains an interpretation limiting the original operation of
the act.

NEGLIGENCE (15) — PROXIMATE CAUSE — CONCURRENT CAUSES—IN-
TERVENING ACTS.  In an action against a school district for personal
injuries sustained by a child when he fell or was pushed off a steel
tank negligently left on the school grounds, the fact that he may
have been pushed off the tank by another boy does not constitute
an intervening cause which would relieve the district from liability.

Appeal from a judgment of the superior court for
Yakima county, Taylor, J., entered March 5, 1919, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action in tort.  Affirmed.

*O. R. Schumann, J. Lenox Ward,* and *Dolph Barnett,*
for appellant.

*Roscoe Maddox* and *Grady & Shumate,* for re-
spondent.

[1]Reported in 188 Pac. 12.

4—110 WASH.

MAIN, J.—The plaintiff, being a minor, brought this action by his guardian *ad litem* for the purpose of recovering damages for personal injuries alleged to be due to the negligence of the defendant school district. The cause was tried to the court and jury, and resulted in a verdict and judgment sustaining a recovery. From this judgment, the defendant appeals.

On November 19, 1917, respondent, a boy eight years old, was injured upon the playground of the Lincoln school, in Toppenish, Yakima county. The accident occurred on a Monday. During the previous week, there had been removed from the basement of the school building a steel tank, about twenty feet in length and approximately three and one-half feet in diameter. The tank had previously been used by the school in connection with its water system, but being no longer necessary for that purpose, the officers of the district had given it to one W. B. Meyers, in consideration that he would remove the tank from the school premises and restore the building to its original condition; it being necessary to make an opening in the foundation of the building in order to remove the tank from the basement. Meyers employed one S. L. Ames to remove the tank and place it in the street. The work of removing the tank was begun some time during the week prior to the accident. It consumed several days, the school being then in session, and on Friday afternoon was removed and placed near the side of the building, with concrete chunks sustaining it to prevent its being moved about. The tank was placed in this position before the close of school on that day. On the Saturday following, which was not a school day, boys had removed the concrete chunks, and in play rolled the tank about the school playground. This occurred also on Sunday. On Monday during the noon hour, the respondent and other boys were playing with

the tank. Certain of the boys would roll the tank back and forth on the playground, while others would either stand or sit upon it; the purpose apparently being to see how long those upon the tank could remain there without falling off. While the tank was being rolled in this manner, the respondent and other boys upon it, the respondent either fell or was pushed from the tank by one of the other boys, and sustained a severe injury to his right leg by the tank rolling upon it. It was for this injury that the action is brought.

The principal question is the construction of ch. 92 of the Laws of 1917, p. 332, which is as follows:

"Section 1. No action shall be brought or maintained against any school district or its officers for any noncontractual acts or omission of such district, its agents, officers or employees, relating to any park, playground, or field house, athletic apparatus or appliance, or manual training equipment, whether situated in or about any school house or elsewhere, owned, operated or maintained by such school district."

The appellant's position is that, under this act, the action cannot be maintained against the school district. Prior to the passage of this act, under the previous statute, Rem. Code, § 951, it had been held in *Redfield v. School District No. 3,* 48 Wash. 85, 92 Pac. 770, and *Howard v. Tacoma School District No. 10,* 88 Wash. 167, 152 Pac. 1004, Ann. Cas. 1917D 792, that school districts were liable in actions of this character, if the injury was proximately produced by the negligence of the district. When the act of 1917 was passed by the legislature, there were pending in this court three cases (*Bruenn v. North Yakima School District No. 7,* 101 Wash. 374, 172 Pac. 569; *Kelley v. School District No. 71,* 102 Wash. 343, 173 Pac. 333; *Holt v. School District No. 71,* 102 Wash. 442, 173 Pac. 335), in which recovery was sought for injuries which occurred to

school children upon playground apparatus. The act of 1917 provides:

"That no action shall be . . . maintained against any school district . . . relating to any park, playground, or field house, athletic apparatus or appliance, or manual training equipment . . ."

These words may be separated into two groups of three each, one including "park, playground or field house," and the other, "athletic apparatus or appliances, or manual training equipment"; the first three being descriptive of the place where the district shall be exonerated from liability, and the second three the things which may occasion the injury for which the district shall not be liable. The meaning of the statute will be rendered reasonably plain if two words should be dropped from each group and the act read as though only the two remaining existed. It would then read:

"No action shall be brought or maintained against any school district . . . relating to any . . . playground . . . athletic apparatus . . . whether situated in or about any school house or elsewhere, owned, operated or maintained by such school district."

If the statute were in this form, it would be plain that the meaning was that no liability would exist when the accident occurred upon a playground apparatus; the word playground being used to describe the place where the district would not be liable if the accident occurred upon athletic apparatus. Each one of the three words in the first group bear the same relation to each and all of the words in the second group, that one of the words in the first group bears to one in the second group. It will be observed that, between the two groups, there is no connecting word, either conjunctive or disjunctive. The clause in the act, "whether situated in or about any school house," sup-

ports this interpretation. That clause refers to what had previously been stated in the act. To give each one of the six words a separate and distinct meaning with the clause last quoted referring to each, it would appear, as applied to playground, that the district would not be liable "when it was situated in or about any school house." It certainly could not have been the intention of the legislature to use the language last quoted as referring to the words in the first group without any relation to the words in the second group.

If further argument be necessary to sustain this interpretation, it will be found in the history of the legislation. As already pointed out, under the laws that existed prior to 1917, the school districts were liable. The first bill introduced at the legislative session of 1917, provided for an amendment to § 951, Rem. Code, which quoted that statute, as it then existed and added a provision, as follows:

"Provided, however, that no action can be maintained against any school district, when the cause of action is based upon or arises out of any act or acts done or omitted by such school district in its governmental functions."

Had the act been passed in this form, it would have exonerated a school district for permitting or maintaining a nuisance upon the playground. The bill in that form passed the senate. When it reached the house, it was amended and passed that body in its present form. The bill, as passed by the house, was subsequently approved by the senate and the governor. Had the legislature intended to exonerate the school district from any and all actions not arising upon contract, it doubtless would have approved the bill as first passed by the senate. It seems clear that the purpose of the legislature was to exonerate school districts from liability for an accident which occurs upon

any athletic apparatus or appliance or manual training equipment which is used in connection with any park, playground, or field house, owned or maintained by the district.

The appellant makes two other contentions; one that the respondent was pushed off the tank by another boy, and that this circumstance would constitute an intervening cause, and that the negligence of the district was not the approximate cause; and the other, that the school district did not have sufficient notice. Neither of these contentions are meritorious. The injury complained of was a reasonable and probable result of the negligence of the district in permitting the tank to remain upon the playground. The fact that the respondent may have been pushed off the tank, if it be a fact, would not constitute an intervening agency between the original wrong and the injury. The intervention of a third person does not preclude a recovery, if the injury was the natural and probable result of the original wrong. *Eskildsen v. Seattle,* 29 Wash. 583, 70 Pac. 64.

The case of *Clark v. Seattle,* 102 Wash. 228, 172 Pac. 1155, does not sustain the appellant's contention as to lack of notice. The facts in that case are entirely different from the facts in this case.

The judgment will be affirmed.

HOLCOMB, C. J., PARKER, MACKINTOSH, and MITCHELL, JJ., concur.