[No. 24023. *En Banc.* June 14, 1933.]

BERNIE E. BOWMAN, JR., *a minor, by his guardian ad litem, Bernie E. Bowman, Sr., Appellant,* v. UNION HIGH SCHOOL DISTRICT No. 1, KITSAP COUNTY, *Respondent.*[1]

*R. W. Miller,* for appellant.

*James W. Bryan, Jr.,* for respondent.

MITCHELL, J.— Bernie E. Bowman, Jr., a pupil in the manual training department of Union High School District No. 1, Kitsap county, received personal injuries while operating a dangerously defective planer as a part of his high school work. He brought this action, by his guardian *ad litem,* against the school district to recover on account of the injuries. More

[1]Reported in 22 P. (2d) 991.

specifically, it was alleged in his amended complaint as follows:

"(5) . . . That upon the day mentioned, the plaintiff, as a part of his course of study and at the expressed direction of the supervisor in charge of the said manual training department, was in the act of constructing a dresser set. That in the construction of the said set, it became necessary for the plaintiff to use certain pieces of machinery installed in the said manual training class room, one piece of which is known as a joiner, and is commonly called a 'planer'. This joiner was installed upon a platform and was driven by an electric motor, which caused the said joiner to revolve at a very high rate of speed. Because of the fact that this piece of machinery was inherently dangerous to life and limb, there was constructed guard which worked automatically, leaving the blades of the joiner exposed only to the bottom surface of the board being planed and preventing small thin wood from passing over and upon the said blades. At the time of the accident herein, the said guard had been removed from the machine through the negligent, careless, and willful acts on the part of the defendant, its agent, servant, or employee, and the said machine was allowed to be operated without the said guard, and in a very dull condition. The plaintiff, in attempting to plane a small piece of wood which was to be used in the said dresser set, caused the block to be placed against the planer, and due to the fact that the plane was dull and there was no guard for protection, the said piece of wood was torn from the plaintiff's grasp and his hand passed over and upon the said joiner, causing three fingers on his right hand to be completely severed.

"(6) That the accident was not caused by any act of negligence on the part of the plaintiff, who acted under the direction and supervision of the supervisor, H. Johnson, and further, the plaintiff did not know the dangerous condition the said machinery was in, nor did he realize at any time, that he was in danger, until it was too late to avoid the accident.

"(7) That the defendant was negligent, careless and willful, in that the said guard which was formerly installed upon the said machinery had been allowed to be taken off, and remain off over a period of months, although this fact was known to the defendant, and the defendant knew that the said machinery was being used while so unguarded. That the planes on the said joiner were dull, and the defendant knew or should have known that the planes, while in such condition, were liable to grab, causing injury to the user of the machinery. That the plaintiff was never warned relative to the dangerous condition of the machinery, although he was instructed by the supervisor to use said machinery, and it was necessary for him (the said plaintiff) to operate the machine to complete his course of study. That the plaintiff was never instructed by the defendant as to the manner of operating the said machinery."

A general demurrer to the amended complaint was sustained, and the plaintiff, electing not to plead further, has appealed from a judgment dismissing the action.

The legislature of 1917 enacted a law exempting school districts from liability for certain non-contractual acts or omissions. Laws of 1917, p. 332; Rem. Rev. Stat., § 4706. The law upon this subject, whether declared by the legislature or by the decisions of the court, has received, of course, the constant observation of school districts throughout the state. Indeed, in *Stovall v. Toppenish School District No. 49*, 110 Wash. 97, 188 Pac. 12, 9 A. L. R. 908, it was said that, when the 1917 act of the legislature was passed, there were pending in this court three cases (naming them) in which recovery was sought for injuries that occurred to school children just prior to the 1917 act.

The *Stovall* case arose, and recovery was allowed, on account of injuries to a school boy caused by the alleged negligence of the school district shortly after

the effective date of the 1917 act. The case contains an examination of the cases that arose prior to the 1917 act. It analyzes the language of the act and its different clauses with relation to each and all other clauses and parts of the act, and, for a correct understanding of it and in order to decide the intention of the legislature, the decision gives a history of the bill through both branches of the legislature.

The respondent school district in the present case, admitting that the decision in that case stands in the way of an affirmance of the judgment in this one, seeks and asks that the decision in the *Stovall* case be overruled in its several holdings and in its entirety. We are not inclined to overrule that decision. As already stated, the subject is one of general public interest. Since the *Stovall* case was decided, 1920, it has been cited with approval in a number of our cases, one of them as late as *Phillips v. Hardgrove*, 161 Wash. 121, 296 Pac. 559; and, in addition, this court, since the *Stovall* case was written, has decided still other cases involving the same principle. In the meantime, there have been seven regular sessions of the legislature, with no suggestion of attempting a change in the law in this respect.

There is no all-inclusive rule for the application of the doctrine of *stare decisis*. But a situation arose in the case of *State ex rel. Atkinson v. Ross,* 43 Wash. 290, 86 Pac. 575, similar to the situation presented here, and in that case, speaking of a decision ten years earlier as bearing upon the case under consideration, the court used language we think should govern this case, viz:

"*Stare decisis* is the policy of the courts. On the adherence to its principle rests the decisions of the courts as authority. The rule is a salutary one, and ought not to be departed from unless grave necessity exists therefor."

Judgment reversed, and cause remanded with directions to overrule the demurrer.

MAIN, HOLCOMB, MILLARD, and BLAKE, JJ., concur.

BEALS, C. J., TOLMAN, and STEINERT, JJ., dissent.