[No. 25130. Department One. August 28, 1934.]

WILLIAM W. JUNTILA, JR., *by Ingrid S. Juntila, his Guardian, Appellant,* v. EVERETT SCHOOL DISTRICT No. 24, *Respondent.*[1]

*Verne C. Henry* and *Wm. A. Johnson,* for appellant. *Charles R. Denney,* for respondent.

MAIN, J.—William W. Juntila, a boy eighteen years of age, brought this action by his guardian to recover damages for personal injuries. To the amended complaint, which will be referred to as the complaint, a demurrer was interposed and sustained. The plaintiff elected to stand upon his complaint and refused to plead further, and from the judgment dismissing the action appeals.

The facts, as alleged in the complaint, which will present the two questions here to be disposed of, may be summarized as follows: The respondent, School

[1]Reported in 35 P. (2d) 78.

District No. 24, owned, controlled and operated what is called the Bagshaw field, in the city of Everett, and for many years past had operated the field in furtherance of the athletic activities of the schools in the district, including football, baseball and track, for public exhibition, for which an admission fee was charged the general public. The appellant was a student attending the Everett high school, which was one of the schools conducted by the district.

To aid in the expenses incurred in the furtherance of the physical education and athletic activities of the schools, including the high school, the students of the high school were required to pay the sum of three dollars a year until the total sum of twenty-four hundred dollars had been raised. This sum was apportioned to the various athletic activities, debating teams, gymnasium, library and other courses of education. In return for the payment of the three dollars, each student was permitted to attend any and all functions, free of charge, including football games. The appellant paid the three dollars and a ticket was issued to him, fully paid, which admitted him to all the activities mentioned.

The respondent had caused to be constructed on Bagshaw field bleacher seats, or an uncovered grandstand, for the accommodation of spectators attending the games held therein. The general public was invited to the games and athletic activities, and for the football games and some others was charged an admission fee. September 30, 1933, a football game was held at Bagshaw field between a team representing the Everett high school and one representing the high school at Astoria, Oregon, which was sponsored by the respondent. The appellant attended this game, and, while upon one of the bleacher seats, a guard rail on the back of the seat broke and gave way, and as

a result he fell many feet to the ground below and sustained the injuries for which he sought recovery.

The first question is whether the conducting of the athletic contest upon Bagshaw field and the construction of the bleacher seats were within the power of the respondent school district; in other words, the question is one of *ultra vires*. It will be assumed that, if the construction of the bleacher seats was beyond the power of the district, either express or implied, it would not be liable.

Section 4683, Rem. Rev. Stat., provides that all high schools of the state may emphasize the work of physical education, and shall carry into effect all such courses therein as are provided by the state board of education. The respondent school district was a municipal corporation or quasi municipal corporation, created by the legislature, and exercises such powers as the legislature has granted in express words, or those necessarily or fairly implied in or incident to the powers expressly granted or those essential to the declared objects and purposes of the corporation. *Seattle High School Chapter No. 200 v. Sharples,* 159 Wash. 424, 293 Pac. 994, 72 A. L. R. 1215. The school district had the right to acquire, by condemnation or purchase, a site suitable for recreation and exercise of the children attending the schools.

In *State ex rel. School District No. 56 v. Superior Court,* 69 Wash. 189, 124 Pac. 484, it was said:

"The physical development of a child is as essential to his well being as is his mental development, and physical development cannot be had without suitable places for recreation and exercise. To acquire such grounds is, therefore, within the province of the public schools."

The cases of *Sorenson v. Perkins & Co.,* 72 Wash. 16, 129 Pac. 577, and *Howard v. Tacoma School Dis-*

*trict No. 10*, 88 Wash. 167, 152 Pac. 1004, Ann. Cas. 1917D, 792, are to the same effect.

The district having power to acquire a site for recreation and exercise of the children attending its schools, it had the incidental power to do those things which made the site suitable for the purposes for which it was acquired. The construction of the bleacher seats was incident to the proper and reasonable use of Bagshaw field.

In *Imperial Elevator & Lumber Co. v. Village of Ponteix*, 39 Dominion Law Reports (1918) 768, it was held that a fence was a necessary incident to the establishment of a park.

In *State ex rel. Johnson v. Brown*, 111 Minn. 80, 126 N. W. 408, it was said:

"It is clearly within the implied powers of the park board to erect on its property pavilions, boathouses, workshops, stables, greenhouses, storehouses, an administrative building, and the like."

In *McNair v. School District No. 1*, 87 Mont. 423, 288 Pac. 188, it was held that an outdoor school gymnasium and athletic field were a part of the school plant. It was there said:

"What playgrounds, with their swings, chutes, teeters and the like, are to the grade schools, athletic fields are to high schools and stadiums to our universities; the difference is only in extent and dignity, not in kind, and it would seem that, if the first are legitimate parts of the school plant, so are the second and third."

The respondent, in constructing the bleacher seats, as indicated, was acting within a power necessarily implied.

The other question to be disposed of upon this appeal is whether the bleacher seats were an appliance. The respondent school district was not liable for injury to the appellant if such injury occurred upon any athletic apparatus or appliance or manual training equip-

ment. Rem. Rev. Stat., § 4706; *Stovall v. School District No. 49*, 110 Wash. 97, 188 Pac. 12, 9 A. L. R. 908; *Bowman v. Union High School District No. 1*, 173 Wash. 299, 22 P. (2d) 991. It is plain that the bleacher seats do not fall within the terms athletic apparatus or manual training equipment, and we do not understand it to be contended otherwise. The question then is whether the bleacher seats were an appliance, and we are of the view that they were not. Athletic apparatus, appliances and manual training equipment are all things pertaining to the activities of those engaged in physical training or exercise, and they can have no reference to seats provided for mere spectators who assemble to view the activities upon the athletic field.

In *McDonald v. Hoffman*, 10 Cal. App. 515, 102 Pac. 673, it was held that a scaffold erected in construction of a building was not an appliance within the rule requiring a master to furnish safe appliances. It was there said:

"We do not think that this scaffold was an appliance within the meaning of the law, but a place on which to stand while working, and a place built by the men who were working."

It is not contended that the complaint fails to state a cause of action if the construction of the bleacher seats was within the power of the school district and they were not an appliance. Since we have found that the district acted within its power in constructing the bleacher seats and that they were not an appliance, it follows that the trial court was in error in sustaining the demurrer.

The judgment will be reversed, and the cause remanded with direction to overrule the demurrer.

BEALS, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.