[No. 27535. Department One. October 23, 1939.]

VERA BUSH, *a Minor, by Clarence Bush, her Guardian ad Litem, Respondent,* v. QUINAULT SCHOOL DISTRICT NO. 97, OF GRAYS HARBOR COUNTY, *Appellant.*[1]

*Theodore B. Bruener,* for appellant.

*John D. Ehrhart* and *Orville E. Peebles,* for respondent.

MILLARD, J.—Plaintiff, a minor, by her guardian *ad litem,* brought this action to recover for personal in-

[1]Reported in 95 P. (2d) 33.

juries alleged to have been suffered by her as the result of the negligent maintenance of playground apparatus and improper supervision of children using such apparatus. Trial of the cause to the court, sitting without a jury, resulted in findings and judgment in favor of the plaintiff. Defendant appealed.

Respondent was five years old at the time she sustained the injuries for which she seeks recovery. A few days prior to that time, the superintendent of appellant school district, at the suggestion of the county health authorities, sent a written notice to the people of that school district inviting the parents or guardians of the children, including pre-school children, to send the children to the Quinault schoolhouse, Thursday, October 14, 1937, at 9:00 a. m., for vaccination against smallpox and inoculation against diphtheria. A charge of twenty-five cents each was made for vaccination and inoculation, which was to be administered by a physician in the employ of the county health department. Respondent's father signed the written consent for the vaccination of respondent, who was not attending school, and on October 14, 1937, the child's grandmother placed her in charge of her brother, who was eleven years old, and her two sisters, on the school bus. After respondent was vaccinated at the school, she went to the schoolroom to be with her two sisters, one of whom was in the first grade and the other in the second grade. The teacher in charge was Alice Hixon.

At ten forty-five a. m., all of the children in that room went out on the playground to play. Miss Hixon was in charge of the children of that room and, also, supervised them on the playground. On this playground was a horizontal bar fifteen and one-quarter feet from the ground, rested on two tripods, one at each end of the horizontal bar, which was thirty feet long. A stationary ladder reached from the ground

at an angle to the top, and near the middle, of the bar. On the other side of the bar from the top thereof to the ground is a slide consisting of two parallel bars about ten inches apart upon which the children may slide to the ground.

Respondent climbed the ladder to the top of the horizontal bar (doubtless, for the purpose of sliding down the bars on the other side) when she became frightened and commenced to cry. Miss Hixon, who was seventy-five to one hundred feet distant, hastened to the child's rescue,

" . . . and I told her to hold on tight that I would come up and get her, but just about the time I said that she turned, looked and fell to the ground,"

striking on her head and shoulders.

Counsel for appellant contends that, under Rem. Rev. Stat., § 4706 [P. C. § 4897], a school district is not liable for injuries sustained by one upon playground apparatus located on a playground owned and maintained by the school district. We understand counsel for respondent argue that the statute cited by appellant is not controlling, in view of the contractual relationship existing between appellant school district and the father of respondent minor which was created by the agreement under which the child was vaccinated. In other words, that, by virtue of the vaccination agreement, an infant of tender years was under the charge of appellant, who owed that child the legal duty—which duty appellant breached—of due care to prevent injury.

In the absence of a statute creating such liability, a school district, when acting in a governmental capacity, is not liable for its negligence. In *Howard v. Tacoma School Dist. No. 10,* 88 Wash. 167, 152 Pac. 1004, Ann. Cas. 1917D, 792, we held that a school district, in the maintenance of exercise ladders in a play-

room, was exercising a governmental function and was not, at the common law, liable for injuries resulting from the school district's negligence in the premises. We there held, however, that the school district was liable to a pupil who was injured through the negligence of the district in the maintenance of dangerous, exercise ladders in a playroom, under the statute which provided that an action may be maintained against a school district for an injury to the rights of the plaintiff arising from some act or omission on its part. That statute (Rem. Rev. Stat., §§ 950, 951 [P. C. §§ 8393, 8394]) which was enacted in 1869, reads as follows:

"An action at law may be maintained by any county, incorporated town, school district, or other public corporation of like character in this state, in its corporate name, and upon a cause of action accruing to it, in its corporate character, and not otherwise, in either of the following cases: —

"1. Upon a contract made with such public corporation;

"2. Upon a liability prescribed by law in favor of such public corporation;

"3. To recover a penalty or forfeiture given to such public corporation;

"4. To recover damages for an injury to the corporate rights or property of such public corporation."

"An action may be maintained against a county, or other of the public corporations mentioned or described in the preceding section, either upon a contract made by such county or other public corporation in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation."

In 1917, the legislature enacted the following statute exonerating school districts from liability for injuries or accidents in connection with playground equipment:

"No action shall be brought or maintained against any school district or its officers for any noncontractual acts or omission of such district, its agents, officers or employees, relating to any park, playground, or field house, athletic apparatus or appliance, or manual training equipment, whether situated in or about any schoolhouse or elsewhere, owned, operated or maintained by such school district." Rem. Rev. Stat., § 4706, Laws of 1917, chapter 92, p. 332, § 1.

In *Bailey v. School Dist. No. 49,* 108 Wash. 612, 185 Pac. 810, we held that a child who was injured while using certain playground apparatus belonging to the school district could not recover for the injuries sustained, in view of the 1917 statute (Rem. Rev. Stat., § 4706). The action was commenced prior, but the judgment of dismissal was entered nineteen months subsequent, to the effective date of the statute.

In *Foley v. Pierce County School Dist. No. 10,* 102 Wash. 50, 172 Pac. 819, we held that an appeal by the plaintiff from an adverse judgment entered for the defendant after the taking effect of the statute fell under the bar of the 1917 statute; that to prosecute an appeal is to maintain an action.

In *Bruenn v. North Yakima School Dist. No. 7,* 101 Wash. 374, 172 Pac. 569; *Kelley v. School Dist. No. 71,* 102 Wash. 343, 173 Pac. 333; and *Holt v. School Dist. No. 71,* 102 Wash. 442, 173 Pac. 335, each plaintiff recovered against the defendant school district a judgment (each was entered prior to the date the 1917 statute (Rem. Rev. Stat., § 4706) became effective) for injuries sustained in connection with the use of playground equipment on a playground owned or maintained by the defendant district. All of the judgments were affirmed. In each case, we held that the statute did not apply, as the judgment was entered prior to the effective date of the statute; and that the resistance of the appeal subsequent to the effective date of the

statute was not, under that statute, the maintenance of an action.

In *Kelley v. School Dist. No. 71, supra,* in which a judgment was recovered in favor of a child for injuries sustained by the breaking of a playground swing on the school grounds, we observed, in affirming the judgment because it was entered prior to the effective date of the 1917 statute (Rem. Rev. Stat., § 4706), that since the happening of that accident, and the recovery thereon in the superior court, the legislature had provided that no recovery could be had against a school district for accidents like the one before us on that appeal.

In *Stovall v. Toppenish School Dist. No. 49,* 110 Wash. 97, 188 Pac. 12, 9 A. L. R. 908, a judgment was entered in 1919 in favor of the plaintiff in an action to recover for injury to a pupil while playing on a large steel tank temporarily left on the school grounds. We held that the 1917 statute (Rem. Rev. Stat., § 4706), exonerating school districts from liability for accidents which occur upon or in connection with playground or athletic apparatus which is used in connection with a playground owned or maintained by the school district, was not applicable, as the tank was not playground or athletic apparatus. We said, respecting the purpose of the legislature in enacting the 1917 statute, that

"It seems clear that the purpose of the legislature was to exonerate school districts from liability for an accident which occurs upon any athletic apparatus or appliance or manual training equipment which is used in connection with any park, playground, or field house, owned or maintained by the district."

*Stovall v. Toppenish School Dist. No. 49, supra,* and *Bowman v. Union High School Dist. No. 1,* 173 Wash. 299, 22 P. (2d) 991, are cited in support of respondent's position. In *Bowman v. Union High School Dist. No. 1, supra* (decided in 1933), we held that a school dis-

trict was liable under the 1917 statute (Rem. Rev. Stat., § 4706) for negligence in maintaining a planer without a guard, resulting in injury to a student using the machine in his work in manual training. We said, regarding our opinion in *Stovall v. Toppenish School Dist. No. 49, supra,* which we refused to overrule:

"The respondent school district in the present case, admitting that the decision in that case stands in the way of an affirmance of the judgment in this one, seeks and asks that the decision in the *Stovall* case be overruled in its several holdings and in its entirety. We are not inclined to overrule that decision. As already stated, the subject is one of general public interest. Since the *Stovall* case was decided, 1920, it has been cited with approval in a number of our cases, one of them as late as *Phillips v. Hardgrove,* 161 Wash. 121, 296 Pac. 559; and in addition, this court, since the *Stovall* case was written, has decided still other cases involving the same principle. In the meantime, there have been seven regular sessions of the legislature, with no suggestion of attempting a change in the law in this respect."

*Stovall v. Toppenish School Dist. No. 49, supra,* and *Bowman v. Union High School Dist. No. 1, supra,* when read together and in the light of what we said in *Juntila v. Everett School Dist. No. 24,* 178 Wash. 637, 35 P. (2d) 78, may not afford any comfort to respondent on the facts presented in the case at bar. In *Juntila v. Everett School Dist. No. 24, supra,* in holding that bleacher seats in an athletic field for the use of spectators are not "an appliance" under the statute (Rem. Rev. Stat., § 4706) exonerating a school district from liability for an injury occurring upon any athletic apparatus or appliance or manual training equipment, we said:

"The respondent school district was not liable for injury to the appellant if such injury occurred upon any athletic apparatus or appliance or manual training

equipment. Rem. Rev. Stat., § 4706; *Stovall v. School District No. 49,* 110 Wash. 97, 188 Pac. 12, 9 A. L. R. 908; *Bowman v. Union High School District No. 1,* 173 Wash. 299, 22 P. (2d) 991."

The words of the statute (Laws of 1917, chapter 92, Rem. Rev. Stat., § 4706) exonerating school districts from liability for torts of commission or omission relating to playground and athletic apparatus used in connection with the playground owned, operated or maintained by the school district, are all-embracing. That statute exempts school districts from liability for any and all accidents which occur upon any athletic apparatus or appliance which is used in connection with any playground owned or maintained by the school district. *Bailey v. School Dist. No. 49, supra; Stovall v. Toppenish School Dist. No. 49, supra; Juntila v. Everett School Dist. No. 24, supra.*

■ We cannot agree with counsel for respondent that the statute (Rem. Rev. Stat., § 4706) is not controlling by reason of the contractual relationship existing between appellant and the minor's father which was created by the vaccination agreement. The substance of the action is the alleged breach by appellant of its legal duty—a duty which existed independent of any contract—to use due care to prevent injury to respondent child. The action sounds in tort, and not in contract.

In *Compton v. Evans,* 200 Wash. 125, 93 P. (2d) 341, the plaintiff brought an action to recover for personal injuries received when an automobile in which she was riding, and which was operated by Mrs. Blanche Evans, overturned. Mrs. Evans was killed in that accident. The action was brought against her surviving husband as executor of her will and as surviving member of the community. Subsequent to commencement of the action, Mr. Evans died, and his executors and ad-

ministrator *de bonis non* with the will annexed of the estate of Mr. Evans were substituted as parties defendant. Demurrer to the complaint, based on the ground that the cause of action did not survive the death of Mr. and Mrs. Evans, was sustained by the trial court. We affirmed the judgment of dismissal on appeal of the plaintiff.

The plaintiff in that case was employed as a servant and housekeeper by the Evans family and was entitled to transportation in the family automobile when the family shifted its place of residence. The accident out of which the action arose occurred while the family was traveling from their summer home to a home maintained by them at another point. Plaintiff alleged that she waived the tort and elected to sue on the contract. The following language of our opinion in that case answers the contention of counsel for respondent in the case at bar as to the character of this action:

"What is really sought in this case is to induce the court to read into the contract, as a term thereof, the general legal obligation to use due care, and then, having thus made it a term of the contract, to hold that the contract was breached by the alleged failure to use due care, as set out in paragraph 5 of the complaint. As was recently said in *Noble v. Martin,* 191 Wash. 39, 70 P. (2d) 1064:

" 'It has not been the policy of this court to imply a contract where the gravamen of the action is a negligent or tortious act, as may be seen from a discussion of the matter in *Northern Grain & Warehouse Co. v. Holst,* 95 Wash. 312, 163 Pac. 775.' "

The judgment is reversed, and the cause remanded with direction to the superior court to dismiss the action.

BLAKE, C. J., MAIN, ROBINSON, and SIMPSON, JJ., concur.