[No. 28005. *En Banc.* September 18, 1940.]

.JOHN CASPER, *Individually and as Administrator, Respondent,* v. LONGVIEW SCHOOL DISTRICT No. 122, *Appellant.*[1]

¹Reported in 105 P. (2d) 503.

404

*Ronald Moore,* for appellant.

*W. H. Sibbald,* for respondent.

BLAKE, C. J.—This is an action to recover damages on account of the death of plaintiff's son, which resulted from the maintenance and operation of manual training equipment in the Longview high school. The cause was tried to the court without a jury and resulted in findings of negligence on the part of the district which was held to be the proximate cause of the death of plaintiff's son. From judgment entered on the findings, defendant appeals.

It will be unnecessary to review the evidence or recite the facts relating to the accident. The evidence is sufficient to support the court's findings with respect to negligence and proximate cause of death.

■ Appellant, nevertheless, contends that the court erred in overruling its objection to the introduction of any evidence in support of the cause of action set up in the complaint. This objection is predicated on Rem. Rev. Stat., § 4706 [P. C. § 4897], which provides:

"No action shall be brought or maintained against any school district or its officers for any noncontractual acts or omission of such district, its agents, officers or employees, relating to any park, playground, or field house, athletic apparatus or appliance, or manual training equipment, whether situated in or about any schoolhouse or elsewhere, owned, operated or maintained by such school district."

Accepting the statute at its face value, there can be no doubt that the appellant's objection to the introduction of any evidence was well taken.

Respondent contends, however, that this court has not, in all instances involving noncontractual liability of school districts, accepted the statute at its face value. The statute was enacted in 1917, shortly after this court, construing Rem. & Bal. Code, § 951, had held that school districts were liable for negligence in the maintenance of playground apparatus. *Howard v. Tacoma School Dist. No. 10,* 88 Wash. 167, 152 Pac. 1004, Ann. Cas. 1917D, 792.

It is elementary, of course, that, in the absence of statute imposing liability, a school district is not liable as for negligence in the performance of its governmental functions. Dillon, Municipal Corporations (5th ed.), 2888. And the rule of nonliability at common law applies to the maintenance of playgrounds, athletic and manual training equipment. In the case just cited (*Howard v. Tacoma School Dist. No. 10*), it was observed:

"We are asked 'How can it be said that the physical development of children is a function of government?' The answer seems obvious—just for the same reason that it can be said that the mental development of children is a function of government. Both are intended to raise the standard of citizenship. The state is certainly as much interested in the physical standard of its citizens as in their mental standard."

In this decision, the court, in construing Rem. & Bal. Code, § 951, simply extended the construction placed upon the statute in the decision of *Redfield v. School Dist. No. 3,* 48 Wash. 85, 92 Pac. 770, wherein the court held that a school district was no longer immune from liability for negligence in the operation and maintenance of a school building. To ascertain the legislative purpose in enacting Rem. Rev. Stat., § 4706, we must

keep in mind the construction placed upon Rem. & Bal. Code, § 951, in the two cases just cited, because the latter section, as construed, completely abrogated the immunity from liability doctrine.

It is quite apparent that, in the enactment of Rem. Rev. Stat., § 4706, the legislature intended to revive that doctrine with respect to the operation and maintenance by school districts of playground apparatus and manual training equipment. And, with the exception of one case which we shall discuss later, the court has given the statute its full force and effect. In construing it (Rem. Rev. Stat., § 4706), the court has held that it does not apply to an action which had gone to judgment prior to its effective date, notwithstanding the pendency of an appeal by the school district at that time. *Bruenn v. North Yakima School Dist. No. 7*, 101 Wash. 374, 172 Pac. 569; *Kelley v. School Dist. No. 71*, 102 Wash. 343, 173 Pac. 333; *Holt v. School Dist. No. 71*, 102 Wash. 442, 173 Pac. 335. Conversely, it has been held that a cause of action arising before the effective date of the act was barred by a judgment in favor of defendant notwithstanding an appeal taken by plaintiff. *Foley v. Pierce County School Dist. No. 10*, 102 Wash. 50, 172 Pac. 819.

In *Bailey v. School Dist. No. 49*, 108 Wash. 612, 185 Pac. 810, the act was upheld—barring an action brought to recover damages sustained by a child while using certain playground apparatus. A similar result was reached where a child was injured by a circular saw which was maintained and operated in the manual training department of a school. *Swanson v. School Dist. No. 15*, 109 Wash. 652, 187 Pac. 386.

In the next case (*Stovall v. Toppenish School Dist. No. 49*, 110 Wash. 97, 188 Pac. 12, 9 A. L. R. 908), construing Rem. Rev. Stat., § 4706, the court said the effect of the statute was to exonerate school districts from lia-

bility only with respect to the maintenance and opera-
tion of athletic apparatus or appliances or manual
training equipment used in connection with any park,
playground, or field house. The school district was
therefore held liable as for negligence in leaving on
the school grounds a steel tank which had been re-
moved from the school building and upon which a child
was injured while at play.

In line with this holding is that in the case of
*Juntila v. Everett School Dist. No. 24,* 178 Wash. 637,
35 P. (2d) 78. It was there held that the statute did not
bar recovery against the school district for injuries
sustained by a boy when a tier of bleacher seats, in the
athletic field, collapsed. In disposing of the conten-
tion that the action was barred by the statute, the court
said:

"The respondent school district was not liable for
injury to the appellant if such injury occurred upon
any athletic apparatus or appliance or manual training
equipment. Rem. Rev. Stat., § 4706; *Stovall v. School
District No. 49,* 110 Wash. 97, 188 Pac. 12, 9 A. L. R. 908;
*Bowman v. Union High School District No. 1,* 173 Wash.
299, 22 P. (2d) 991. It is plain that the bleacher seats
do not fall within the terms athletic apparatus or man-
ual training equipment, and we do not understand it
to be contended otherwise. The question then is
whether the bleacher seats were an appliance, and we
are of the view that they were not. Athletic apparatus,
appliances and manual training equipment are all
things pertaining to the activities of those engaged in
physical training or exercise, and they can have no
reference to seats provided for mere spectators who
assemble to view the activities upon the athletic field."

In these two decisions, the court simply declined to
extend the doctrine of immunity from liability beyond
the plain terms of the statute. In other words, the
court, in effect, held that Rem. & Bal. Code, § 951, was
still in force in so far as it was not limited by Rem. Rev.

Stat., § 4706. See *Morris v. Union High School Dist. A,* 160 Wash. 121, 294 Pac. 998.

In *Bowman v. Union High School Dist. No. 1,* 173 Wash. 299, 22 P. (2d) 991, however, the court, as we now view it, limited the immunity from liability accorded by Rem. Rev. Stat., § 4706, in contravention of the express terms of the statute. In that case, it was held that the immunity from liability defined in the statute did not protect the school district from liability to a boy who was injured while operating an unguarded joiner maintained in the manual training department of the school. The decision was rested on the doctrine of *stare decisis*—the court regarding the *Stovall* case as controlling. The court said:

"Since the *Stovall* case was decided, 1920, it has been cited with approval in a number of our cases, one of them as late as *Phillips v. Hardgrove,* 161 Wash. 121, 296 Pac. 559; and, in addition, this court, since the *Stovall* case was written, has decided still other cases involving the same principle. In the meantime, there have been seven regular sessions of the legislature, with no suggestion of attempting a change in the law in this respect."

As we now view it, the *Stovall* case was not authority for holding the statute inapplicable under the facts presented in the *Bowman* case. In the *Stovall* decision, the applicability of the statute was explicitly recognized as to "acts or omission . . . relating to athletic apparatus or manual training equipment."

Recently we have again recognized the applicability of the statute in a case where a child was injured in the use of playground apparatus. *Bush v. Quinault School Dist. No. 97,* 1 Wn. (2d) 28, 95 P. (2d) 33. In that case, we said:

"The words of the statute (Laws of 1917, chapter 92, Rem. Rev. Stat., § 4706) exonerating school districts from liability for torts of commission or omission relat-

ing to playground and athletic apparatus used in connection with the playground owned, operated or maintained by the school district, are all-embracing. That statute exempts school districts from liability for any and all accidents which occur upon any athletic apparatus or appliance which is used in connection with any playground owned or maintained by the school district."

Now, the *Bowman* case is not only out of harmony with the *Bush* case and the principle recognized in the *Stovall* case, but it is in direct conflict with the decision in the case of *Swanson v. School Dist. No. 15, supra.* It will be remembered that, in the latter case, the court held that the school district, by virtue of the statute, was immune from liability to a boy who was injured while operating a circular saw maintained in the manual training department. There is no distinction, whatever, either in essential fact or applicable principle of law, between that case and this.

So, in deciding this case, we are squarely confronted with the necessity of overruling either the *Swanson* or the *Bowman* case. Since the latter decision so patently contravenes the express terms of the statute (Rem. Rev. Stat., § 4706) and is so completely out of harmony with all other decisions in which the act has been construed, we think it should be overruled. Consequently, the judgment in the instant case must be reversed, because, under the express terms of the statute, no action can "be brought or maintained against any school district . . . for any noncontractual acts or omission . . . relating to any . . . manual training equipment . . . situated in or about any schoolhouse . . . ."

The cause is remanded, with directions to dismiss the action.

ALL CONCUR.