Plaintiffs appeal from a judgment in the lower court which sustained an exception of no cause or right of action to their petition and dismissed their suit. The suit is one for damages filed by the parents of a young boy, seven years old, who met his death on April 28, 1944, by drowning in a small bayou which borders the western boundary of the school grounds of the Hollywood School which is situated in the Third Ward of the Parish of East Baton Rouge.
The action is essentially one in tort based on the claim that the school authorities, the East Baton Rouge Parish School Board, which is made defendant in the suit, negligently and with utter disregard, failed to erect a fence along this small bayou in order to safeguard or otherwise protect the school grounds from the hazardous and attractive nuisance offered to the pupils attending the school by reason of the, existence of the bayou adjoining them. There are lengthy allegations contained in the petition but they are all to the effect that plaintiff's son was accidentally drowned while playing with other children near the banks of this stream as a result of the negligence of the school authorities in not having properly protected and safeguarded the children against the emergency which existed.
In the alternative it is pleaded that the defendant school board is liable under the attractive nuisance doctrine in as much as it permitted this condition which offered a dangerous allurement to children of the age of that of their child to remain unguarded and that these children through curiosity might be lead to play in or near the bayou and thereby suffer personal injury or lose their lives as happened to their son.
The exception of no right or cause of action is based on four separate grounds: (1) That the public school system being an instrumentality or agency of the State, cannot be held liable in tort; (2) that there are no allegations of ultimate fact in plaintiff's petition which show a breach of legal duty on the part of the defendant and consequently there is no showing of actionable negligence; (3) that the alternative ground for recovery based on the attractive nuisance doctrine cannot be supported as that doctrine is not applicable in this case since under the alleged facts the danger complained of, if any, was not unknown, concealed or hidden; (4) that even though plaintiff's petition shows actionable negligence on the part of the defendant, it also shows contributory *Page 709 
negligence on the part of their son, which negligence stands as a bar to their recovery.
[1, 2] As we are convinced that the exception was properly sustained on the first proposition, as we understand it was, we will discuss only that phase of it. It really doesn't require so very much discussion because the great weight of authority in this country is to the effect that "a school district being merely an agency of the State, is not, in the absence of a statute imposing such liability, liable for torts committed by its trustees or employees." The quoted words in the foregoing statement are from American Jurisprudence Vol. 47, Title "Schools" Sec. 56, page 334. The text then continues: "Various reasons are assigned why a school district should not be liable in tort. Some authorities place it on the ground that the relation of master and servant does not exist; others take the ground that the law provides no funds to meet such claims. Still others hold that school directors in performing the duties required of them exercise merely a public function and agency for the public good, for which they receive no private or corporate benefits." With reference to liability for injury to pupils the text, under Sec. 57, has this to say: "Contrary to what appears to be the English rule, the general rule in this country, in the absence of a statute imposing liability, is that a school district, municipal corporation, or school board, is not liable for injuries to pupils of public schools suffered in connection with their attendance thereat." Further on it is stated that the "application of the general rule of non-liability has involved injuries to pupils arising from the dangerous condition or improper construction of buildings, failure to repair, dangerous condition of school grounds,
unsuitable, defective, or dangerous appliances, unsafe transportation, and the negligent acts of officers, servants or agents." (Our italics) Numerous authorities from several States are cited in the footnotes to all of the headings. We have read most of them and the text clearly reflects their holdings.
Even if it be conceded that some of the decisions holding to the contrary are not based on special statutes imposing liability and that they hold school boards liable in tort on general propositions of law, they represent what is definitely the minority and the great weight of authority must be said to be that there is no liability on the part of the school board in such cases. In 9 A.L.R. at page 908 there is reported a case from the State of Washington, Stovall v. Toppenish School District, 110 Wn. 97, 188 P. 12, 9 A.L.R. 908, in which it appears that except in certain cases creating an exemption under a special statute, liability is generally imposed in that State. But in a long annotation following the reported decision it is readily made apparent that the general rule is to the contrary. In 14 A.L.R. at page 1389, we find reported the case of Gold v. Mayor and City of Baltimore, 137 Md. 335,112 A. 588, 589, in which the Maryland Court of Appeals held that there was no liability on the part of the City of Baltimore which operated the public schools of that city, for damages for injury to a child by the falling off a door in the school building which was negligently permitted to get out of order. It is stated in the opinion that: "The immunity or exemption from liability in such cases rests upon the theory that the municipality is in the performance of a public or a governmental duty and is the instrumentality of the state, exercising a governmental function. In the absence of statute expressly or by necessary implication giving the right of action, the municipality is not liable."
We find no Supreme Court decision in this State on the subject, but the Second Circuit Court of Appeal has passed on the question in two cases. The more recent involved a school, which like in the Baltimore case just referred to, was operated by the City of Monroe and the suit was directed against that municipality. That is the case of Floyes v. City of Monroe, La. App., 194 So. 102. Following the reasons given in various cases from other jurisdictions, the court based its judgment, in dismissing the suit, on the ground that a political corporation acting as the agent of the state, becomes the representative of the state and is not answerable for damages in tort. Besides, the City of Baltimore case there is also cited the case of Jaked v. Board of Education of the City of Albany, 113 Misc. 572, 185 N.Y.S. 88.
In an older case, Horton v. Bienville Parish School Board, 4 La. App. 123, applying the same principle of law, the court sustained an exception of no cause of action to a petition in which damages *Page 710 
were claimed for injury to a child sustained by him while being transported in a hack from the public school he was attending, to his home. The point was made in that case that the school board was given great powers of administration under Act 100 of 1922, among them being the authority to transport children to and from school and that if in the exercise of such authority, through the negligence of its employees, a child is injured, the school board should be held liable. The contention was dismissed by the court in a very few words when it stated that it did not think such authority indicated that it was the intention of the Legislature to make the board liable for damages and this, no doubt, because of the general rule of law that the board is merely an agency of the State for the administration of the whole system of public education including the transportation of the children to and from school.
[3] Counsel for plaintiff seems to have rested his case on the theory that the school board is an independent agency of the State such as the Louisiana Highway Commission or some similar public body created by the Legislature with power to sue and be sued. In support of his contention he relies strongly on a decision of the Supreme Court in the case of Saint v. Allen, 172 La. 350, 134 So. 246, in which he says the Louisiana Highway Commission was held to be a legal entity altogether distinct from the State, which is what the various school boards of the State are We cannot attach the importance which counsel claims for it to that decision in applying it to the principle which governs in the present case. That suit was one filed by the Attorney General of the State in which he claimed the right, by virtue of his office, to be the legal advisor of the Louisiana Highway Commission. It is true, in disposing of the question that the Supreme Court did say that the commission is a distinct legal entity from the State; a body corporate with power as such to sue and be sued and as such could employ its own attorney to represent it. But the court went to great length to explain how the commission functioned and how in the administration of its business it was like other political corporations of the State which employ their own counsel also. But nowhere in the decision is there any suggestion or even an intimation which would assimilate the commission to agencies of the State such school boards which, as has been held in so many other jurisdictions, are governmental agencies which cannot be held liable in tort inasmuch as they exercise governmental functions delegated to them by the State exclusively for the benefit of the public school system. Neither is there any suggestion in that decision that the commission itself could be sued in tort and held liable for damages. As a matter of fact this court itself has already specifically held that a suit against it for damages due to a fault of its agent acting within the scope of his governmental powers, could not be maintained. See Kilberg v. Louisiana Highway Commission, 8 La. App. 441. That there is serious doubt of such liability on its part is made rather evident by the fact that in recent years so many claimants for such damages have only presented their claims in court after having obtained legislative permission to sue the department.
We are of the opinion therefore that the case of Saint v. Allen cannot serve as authority in the present case. The other two cases from Louisiana, although not decisions of the Supreme Court, follow what is no doubt the strong weight of authority in the country and we feel safe in following it also.
For the reasons stated, the judgment appealed from is affirmed at the cost of the plaintiffs, appellants herein.