[No. 19950.  Department Two.  August 16, 1926.]

J. E. RICE, as *Guardian of Paul Rice, Respondent,* v.
SCHOOL DISTRICT No. 302 OF PIERCE
COUNTY, *Appellant.*[1]

[1] SCHOOLS AND SCHOOL DISTRICTS (29-1)—TORTS—INJURY ON PLAY-
GROUND—ACTION—INSTRUCTION.  In an action against a school
district for injuries to a pupil playing on the school grounds
while the same was under the supervision of a teacher, it is
proper to instruct to the effect that the teacher was the agent of
the school district and his knowledge and acts were the knowl-
edge and acts of the district.

[2] SAME (29-1)—INJURY TO PUPIL—NEGLIGENCE OF SCHOOL DISTRICT
—QUESTION FOR JURY.  The negligence of a school district in
allowing a wire for a radio entertainment to be strung across
the school yard, and to remain dangling across a transmission
wire after being broken by the wind, is a question for the jury,
where the teacher assigned to the supervision of the school
grounds had knowledge of the facts and conditions and failed
to give the pupils notice of the danger.

[3] SAME (29-1)—DANGEROUS PREMISES—KNOWLEDGE OF SCHOOL OF-
FICERS.  In such a case, the knowledge of the teacher being the
knowledge of the district, it is not a defense that the directors
of the district had no notice of the conditions.

[4] NEGLIGENCE (22)—CONTRIBUTORY NEGLIGENCE—CHILDREN.  The
contributory negligence of a school boy, eleven years of age, in
playing on the school grounds with a wire broken from its sup-
port, after being told not to do so, is a question for the jury,
where he testified that he did not know that there was any
danger.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered October 6, 1925,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for personal injuries sustained
by a pupil while playing on public grounds.  Affirmed.

*J. W. Selden, D. D. Schneider,* and *John H. Binns,*
for appellant.

*Browder Brown* and *J. W. A. Nichols,* for respond-
ent.

[1]Reported in 248 Pac. 388.

MITCHELL, J.—Paul Rice, a minor, by his guardian *ad litem,* brought this action to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant school district. The trial resulted in a verdict for the plaintiff, upon which a judgment was entered. The defendant has appealed.

The boy was injured on the school grounds on Monday, October 9, 1922. There was evidence from which the jury were warranted in believing the facts to be about as follows: On Friday evening next before the accident, the Parent-Teachers' Association of that community gave a radio entertainment at the school house with the permission of the school board. For that purpose, a radio aerial wire one hundred and sixty-eight feet long was installed from the school house across a public road or street to a live fir tree beyond the school grounds. As installed, the aerial was twelve or fifteen feet above and across high power electric wires strung on poles along the roadway. One of the school directors, the principal of the school and the school janitor were members of the entertainment committee of the Parent-Teachers' Association, and knew that the wire was strung; indeed, the principal and janitor of the school personally assisted in stringing the wire, the principal of the school helping to throw one end of it over the electric wires after the other end had been fastened to the fir tree. The wire was not taken down. On Monday morning, about eight o'clock, the principal of the school went to his room in the school building and remained there until the accident happened. About half past eight o'clock that morning, Paul Rice, a pupil of the school, entered the school grounds, at which time a number of boys were playing with and pulling at the wire that had fallen from its fastening on the building. The wire had

fallen across piles of cord wood and on the ground in the school yard. Paul joined in pulling the wire. A couple of teachers passed out of the building to the roadway and one of them, upon noticing Paul playing with the wire, told him to leave it alone and go to another part of the grounds to play. She further testified that her sole reason in giving the command was, that she thought they might want to use the wire again for the radio, and that it should not be pulled down. Paul went away as directed. He joined boys playing with a foot ball. In this play he ran near the wire, quit playing with the ball, and probably with others, he standing on the ground, again pulled the wire. It was broken loose from the fir tree, dropped on the electric wires and severely shocked and burned him. Upon alarm being given, the principal of the school and the janitor rushed out of the building and rescued him from the live wire wrapped around his body.

Several witnesses testified that the accident occurred about five or ten minutes before nine o'clock, while the principal of the school and one teacher testified that it happened before half past eight o'clock. All school children were permitted on the school grounds at half past eight o'clock in the morning and, as a matter of fact, many school children were there regularly before that hour. The school had a rule or "schedule of ground day," as it was called; that is, on each school day some one of the teachers was supposed to be on the ground after half past eight o'clock to look after the pupils. The principal of the school admitted that, according to that schedule, it was his duty to have supervision that morning from half past eight until nine o'clock.

It is not certain from the evidence how long the electric wires had been in use, but several years at

least, and there was proof that the covering or insulation on the electric wires had worn off at or near where the aerial crossed over them. The principal of the school was well aware of the fact that the wires along the roadway, over and across which the aerial was placed, were electric wires and in daily use. He testified that he thought high winds on Saturday, causing the top of the green fir tree to sway, tore the aerial from the school house.

The complaint charged two grounds of negligence: (1) that the wire was carelessly and negligently strung, and (2) that, after the wire had broken loose it was suffered to remain hanging across the electric transmission cable to the ground. The first cause or ground of negligence was taken from the jury by the court.

[1] As to the second, the jury was instructed that it was the duty of the defendant to exercise ordinary care to see that the school grounds and all things connected therewith were kept in a reasonably safe condition, for the use of the pupils attending school, from the time the defendant had knowledge that the wire was dangling down and reaching the ground where pupils might take hold of it; and that they were chargeable with ordinary care to prevent injury to the pupils from such condition, and that knowledge of persons directly in charge of the school grounds, such as principal and teachers, were for this purpose agents of the school district, and their knowledge and acts were the knowledge and acts of the school district in this respect. The latter part of this instruction, to which exception was taken by the appellant, is assigned as error. But we think it falls within the doctrine of *Bruenn v. North Yakima School Dist. No. 7*, 101 Wash. 374, 172 Pac. 569, where, in speaking of injuries to a pupil playing on a teeter board on the school grounds

temporarily removed from its original position and dangerously used on a swing, it was held that the charge of negligence was sustained, the court saying:

"If the teacher knew it, it was negligence to permit it, and if she did not know it, it was negligence not to have observed it."

[2] Somebody, at the risk of the school district, must look after the safety of young children on the school grounds against unusual dangers; hence the rule in practice, or schedule of supervision in this particular case, in addition to the general obligation of teachers. Had the principal of this school, who was conversant with the stringing of the wire and that it crossed over the transmission cable, and also conversant with the fact of high winds on the previous Saturday, been on duty, he might reasonably have cautioned the boy and saved him from the injuries suffered by him. While it is true that the principal of the school and others testified that the boy was injured before half past eight o'clock that morning, that testimony only presented an issue of fact for the jury as bearing upon the question of whether the appellant was negligent. Contrary to appellant's argument, the question of the negligence of the school district was for the jury, and not to be decided by the court as a matter of law.

[3] It is further assigned as error that the court refused an instruction requested by the appellant to the effect that, to find the appellant liable, it would be necessary to find that the board of directors had knowledge of the broken condition of the wire, or that it had so fallen down and remained that way for such length of time that the board would, by the use of ordinary care and diligence, have had knowledge of such condition. But that contention has been answered by what

7—140 WASH.

has already been said herein, and finds further answer in the cases of *Bruenn v. North Yakima School Dist. No. 7,* 101 Wash. 374, 172 Pac. 569, and *Stovall v. Toppenish School District No. 49,* 110 Wash. 97, 188 Pac. 12, 9 A. L. R. 908.

[4] Nor can we agree with another argument presented on behalf of the appellant, that it should be held as a matter of law that the contributory negligence of the injured boy bars his right to recover damages. He was eleven years of age, and in the fourth grade, at the time he was injured. He testified that he did not know there was any danger in the wire, and upon objection on behalf of the appellant, he was not permitted to answer a question as to whether, before the accident happened, any one told him there was any danger connected with the wire. Contributory negligence, set up in the answer, was, under the evidence in this case, a matter for the jury under proper instructions which were given, and to which instructions no exceptions were taken that are urged on the appeal.

Other formal assignments of error have been disposed of, in effect, by what has already been said herein.

Judgment affirmed.

TOLMAN, C. J., MAIN, and PARKER, JJ., concur.

MACKINTOSH, J., dissents.