[No. 22686. Department One. January 5, 1931.]

GEORGE M. MORRIS, *Appellant*, v. UNION HIGH SCHOOL DISTRICT A, *Respondent*.[1]

*Bullitt, Kennedy & Schramm, Evert F. Arnold,* and *Irving H. Randolph,* for appellant.

*Ewing D. Colvin, Harry A. Rhodes,* and *Arthur M. Hare,* for respondent.

MAIN, J.—This action was brought to recover for medical expenses and loss of services of the plaintiff's minor son as the result of negligence which it is alleged was chargeable to the defendant. To the com-

[1]Reported in 294 Pac. 998.

plaint a demurrer was interposed and sustained. The plaintiff elected to stand upon the complaint, and refused to plead further, and from the judgment entered dismissing the action he appeals.

The facts as stated in the complaint may be summarized as follows: The respondent is Union High School District A, in King county. Lowell Morris, seventeen years of age, resided within the district with his parents, and was a student in the high school. The district organized and maintained a football team under the direction of one of its teachers, regularly employed, who, with the knowledge and consent of the board of directors of the district, acted as coach and trainer of the football squad. September 4, 1928, without the knowledge of the appellant and against his will, appellant's minor son, Lowell Morris, was induced, persuaded and coerced by the coach to train and practice as a member of the football squad, and he, on or about September 7, 1928, while so practicing, sustained injuries to his back and spine. On or about September 21, 1928, appellant's minor son, while still suffering from the injuries which he had previously received, of which the coach well knew, or, in the exercise of ordinary care, should have known, was permitted, persuaded and coerced by the coach to play on the football team on that day. As a result of participating in the game, and through the negligence of the coach in permitting, persuading and coercing him to play, the son received serious injuries to his back and spine, and also internal injuries. The injury to the spine has resulted in a tubercular condition, which has necessitated a number of major operations. As above stated, the appellant, the father, brings this action to recover for the reasonable and necessary expenses of caring for his son and having him treated, and for loss of services.

■ The question is whether the complaint states a cause of action against the school district.

Construing two statutory provisions, which are now codified as §§ 950 and 951, of Remington's Compiled Statutes, this court has repeatedly held that a school district is liable for the negligent act or omission of its officers and agents, acting within the scope of their authority.

In *Redfield v. School District No. 3,* 48 Wash. 85, 92 Pac. 770, it was held that, where a pupil was burned or scalded by the overturning of a bucket of hot water used in connection with the heating apparatus of the school room, the district was liable.

In *Howard v. Tacoma School District No. 10,* 88 Wash. 167, 152 Pac. 1004, Ann. Cas. 1917D 792, it was held that, because of improper construction and lack of the proper safety device in ladders maintained by the district for the exercise of the pupils in the play room of the school, the district was liable for injuries to a child six years of age sustained while using such ladders.

It has also been held that a school district is liable for the failure of its officers or agents to exercise proper supervision over the play grounds used in connection with the school. If the teacher knows of the dangerous instrumentality and permits a child to use it and injury results, or if, in the exercise of reasonable care, the teacher should have known of the dangerous instrumentality, the district is liable.

In *Bruenn v. North Yakima School District No. 7,* 101 Wash. 374, 172 Pac. 569, it was held that recovery could be had against the school district for injuries to a child playing on a teeter board on the school grounds, because of negligence in supervision, where there was evidence that the teeter board was moved from its original position and dangerously used in a

swing, and that the ·teacher in supervision of the ground either permitted such removal or failed to observe and prevent it. It was there said:

"If the teacher knew it, it was negligence to permit it, and if she did not know it, it was negligence not to have observed it."

That excerpt was quoted with approval in the case of *Rice v. School District No. 302,* 140 Wash. 189, 248 Pac. 388.

If a school district is liable where a teacher in supervision of the play grounds permits a child to use a dangerous instrumentality, or fails to exercise reasonable care to prevent such use, then it would seem to necessarily follow that, if the school district organized and maintained a football team, and one of its teachers, with the knowledge and consent of the board of directors, acted as coach and trainer thereof, and if the coach knew that a student in the school was physically unable to play football, or in the exercise of reasonable care should have known it, but nevertheless permitted, persuaded and coerced such student to play, with the result that he sustained injuries, the district would be liable.

In *Smith v. Martin,* (1911) 2 K. B. 775, Ann. Cas. 1912A 334, it was held that a public corporation, which was the local education authority for the district, was liable for injuries sustained by one of the pupils in such school, a girl fourteen years of age, who was negligently directed by one of the teachers during the school hours to poke the fire and draw the damper of the stove in the teachers' common room, where the teacher intended to have her lunch, and who, while carrying out the order, was severely burned by her pinafore catching fire. While that case is not necessarily controlling, it would be difficult to draw

any substantial distinction in principle between it and the one now before us.

In *Mokovich v. Independent School District No. 22,* 177 Minn. 446, 225 N. W. 292, the plaintiff was a pupil in the defendant's high school. He was injured in a football game conducted by the district as a part of its educational system. The charge was that the defendant's officers and agents negligently used unslaked lime to mark the lines of the football field, and that the plaintiff, one of the players in the defendant's school team, during the game was thrown to the ground and his head and face forced into the lime so used, causing the lime to get into his eyes, destroying the sight of one eye and seriously impairing the sight of the other. It was there held that the district was not liable because it acted in a governmental capacity, and the general common law rule was one of nonliability. The fair inference from the opinion in the case is that the court would have sustained the right of recovery had it not been for the common law rule which had been adhered to in that state. In this state, as already pointed out, there is the statutory rule of liability which has superseded the common law rule of nonliability of the school district for the negligent act of its officers or agents.

If the facts alleged in the complaint are true, and we must accept them as such at this time, they make a case of liability on the part of the school district. It certainly cannot be that a district can maintain a football team, have one of its teachers as trainer and coach, who knows, or in the exercise of reasonable care should know, that one of the players is physically unfit to enter the game, but nevertheless permits, persuades and coerces such player to play, and in the event of injury to the player, be held not liable for

such negligent and careless act of its officer or agent. In our opinion the complaint states a cause of action.

The judgment will be reversed and the cause remanded with instructions to the superior court to overrule the demurrer.

MITCHELL, C. J., PARKER, and TOLMAN, JJ., concur.

HOLCOMB, J. (dissenting)—I am not willing to concur in the majority opinion, at least until the effect of Rem. Comp. Stat., § 4706 (Laws of 1917, p. 332, § 1), is determined, and it is not discussed therein.

The *Bruenn* case, 101 Wash. 374, 172 Pac. 569, was under the law as it existed prior to § 4706. The *Rice* case, 140 Wash. 189, 248 Pac. 388, simply followed the *Bruenn* case, *supra,* and the case of *Stovall v. Toppenish School Dist. No. 49,* 110 Wash. 97, 188 Pac. 12, without distinction and without referring to § 4706.

This is a most far-reaching decision in its future effect.

Without finally committing myself should the case be heard *En Banc,* I dissent.