[No. 26867. Department Two. May 23, 1938.]

ANNIE F. WALTER, as *Administratrix, Respondent,* v. EVERETT SCHOOL DISTRICT No. 24, *Appellant.*[1]

[1]Reported in 79 P. (2d) 689.

*Ralph S. Pierce, Edwin J. Cummins,* and *Gordon H. Sweany,* for appellant.

*J. L. Rucker* and *Henry M. Jackson,* for respondent.

ROBINSON, J.—Leonard A. Walter, a ten year old boy, brought this action to recover damages for personal injuries sustained as a result of the alleged negligent conduct of one Ben Perry. From causes not connected with these injuries, Leonard died subsequent to the trial of the case, and Annie F. Walter, his mother and the administratrix of his estate, has been substituted as respondent.

Ben Perry was employed by the Works Progress Administration, an agency of the Federal government, to teach boys the art of tumbling. At the time of the accident, he was conducting a class in a basement room of the Garfield grade school building in Everett, which the directors of appellant school district had given him permission to use. In the course of instructing Leonard Walter in executing a simple "flip," Mr. Perry tossed him into the air, and Leonard landed improperly and broke his leg. The jury found that Perry's conduct was negligent, and for the purposes of this appeal we must assume that, as to that, the jury was correct.

The trial court instructed the jury that the school district was responsible for the negligence of Perry, if any. Upon this appeal, appellant contends that it was not only not responsible, as a matter of law, but also that there were not even sufficient facts to warrant the submission of the issue of its responsibility to the jury.

As disclosed by the record, the facts are as follows: Perry was employed by the W. P. A. to give tumbling lessons. In the autumn of 1935, he secured from the school board of appellant district, and from Mr. Love, principal of the Garfield school, permission to conduct

his classes in a basement room. Mr. Love also agreed to announce to his pupils that such classes would be held in the school building. Apparently, similar classes in sewing, dancing and dramatics were also being given by the W. P. A. instructors, and Mr. Love issued an announcement of all of these classes by means of printed notices which the pupils carried home to their parents. The parents were asked to sign "the tumbling notice and any notice that affected the children possibly," and to have the pupils return such signed notices to the W. P. A. instructor. The classes were held once a week in the afternoon after school hours. When Leonard brought the notice home, his parents refused to let him take tumbling, and he did not take it that year.

In September of the next year, Perry again asked Mr. Love if he could use the school for his tumbling class. After conferring with the school superintendent, Mr. Love gave his permission. This time, Mr. Love simply told his teachers to announce that the W. P. A. classes would be continued. Somewhat later, Mr. Love came around to the school rooms and told the pupils that the tumbling class was not full, and that anyone who wanted to take tumbling could do so, but he should get his parents' consent. Leonard attended one session of the class. When he told his parents what he had done, they told him not to attend again. Nevertheless, he did attend the next class and suffered the injury complained of.

Perry was not hired by the appellant school district. He was employed and paid by the W. P. A. Neither the teachers nor Mr. Love were regularly present at his classes, and they made no attempt to direct or control them. Respondent does not contend that Perry was an incompetent or habitually careless instructor; nor that the room and equipment were in

any way defective; nor that there was any negligence on the part of Mr. Love or any of the teachers. Respondent's position was simply that Perry was negligent, and that appellant is responsible for Perry's negligence.

The liability of one person for the acts or omissions of another is the exception rather than the rule, and the person who asserts such liability must establish the fact that some connection exists between the actor and the person whom he seeks to hold responsible for the actor's conduct. Accordingly, the inquiry must be directed to the relationship that existed between Perry and the appellant, and whether or not that connection was sufficient to make appellant liable for Perry's negligence. We are of the opinion that the connection was, as a matter of law, insufficient to be a basis for appellant's liability.

■ In this state, a school district is liable for the negligent acts or omissions of its officers or agents acting within the scope of their authority. *Morris v. Union High School Dist. A*, 160 Wash. 121, 294 Pac. 998.

It is apparent that Perry was not an officer of appellant school district. We think it also clear that he was neither its agent nor its servant.

"Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." American Law Institute Restatement of Agency, § 1.

"The proper criterion by which to determine whether in a given case the relation of master and servant exists is found in the right of the master to order and control the other in the performance of the work." 2 Street, Foundations of Legal Liability, 468.

*Hollingsworth v. Robe Lumber Co.*, 182 Wash. 74, 45 P. (2d) 614; *Sills v. Sorenson*, 192 Wash. 318, 73 P. (2d) 798.

See, also, *Thurston County Chapter, American Nat. Red Cross v. Department of Labor & Industries,* 166 Wash. 488, 7 P. (2d) 577; *Garney v. Department of Labor & Industries,* 180 Wash. 645, 650, 41 P. (2d) 400; *Benson v. Department of Labor & Industries,* 180 Wash. 655, 41 P. (2d) 404; *Brooks v. Seattle,* 193 Wash. 253, 74 P. (2d) 1008; 39 C. J. 34-36; and 18 R. C. L. 490.

Perry was not acting for appellant, nor was he performing a function ordinarily performed by its regular employees. The classes were given after school hours, and the record does not disclose that the school gave "credit" for participation in the tumbling classes. Perry was not performing a service for appellant any more than a church group allowed to have a bazaar in the school basement would be doing something for appellant. In fact, as we see it, the school district was actually performing a service for Perry and the W. P. A.

The case of *Stovall v. Toppenish School Dist. No. 49,* 110 Wash. 97, 188 Pac. 12, 9 A. L. R. 908, cited by respondent, is not in point, because there, as the court pointed out,

"The injury complained of was a reasonable and probable result of the negligence of the district in permitting the tank [a dangerous object] to remain upon the playground."

Nor is the case of *Walton v. Vancouver Board of School Trustees,* 34 B. C. 38, [1924] 2 D. L. R. 387, in point here. In that case, the plaintiff, a student in a Vancouver public school, was injured when a patently defective rifle "blew back" into his eye. The school was celebrating Empire Day with various sports, among which was a rifle competition held in the school basement and under the supervision of the school principal. The court held the board of trustees liable upon the grounds that it failed in its duty to provide proper

safeguards and supervision for a competition known to be dangerous, and that its servant, the principal, was negligent in giving plaintiff an obviously defective rifle. In the instant case, there is no claim that the school board itself or any of its employees were negligent. It must be remembered that the only negligence in the case was that of Perry.

The trial court felt that, when the school district cooperated with the W. P. A., the agent of the W. P. A. became the agent of the school district. But the mere fact of "cooperation" does not produce this result. There is nothing in this record to show that Perry was "loaned" to appellant to perform a service within the scope of appellant's activities, nor is there any showing that appellant had any right to control Perry. This jurisdiction recognizes the "loaned servant rule," but a loaned servant does not become the servant of the borrower unless the borrower has exclusive control over him for the period covered. *Olsen v. Veness*, 105 Wash. 599, 178 Pac. 822; *Macale v. Lynch*, 110 Wash. 444, 188 Pac. 517; *B. & B. Bldg. Material Co. v. Winston Bros. Co.*, 158 Wash. 130, 290 Pac. 839.

The trial court also felt that school children "stand under the protecting arms" of the school district while they are at school and going to and from home. But a school district certainly is not an insurer of the safety of children in its charge. It should, of course, take proper precautions to protect them, but there is no showing here that appellant was derelict in this duty. Appellant simply permitted a competent instructor to use its premises for the carrying on of an activity sponsored by the Federal government.

Finally, respondent contends that appellant is somehow estopped to deny that Perry was its servant. Respondent argues that appellant authorized Perry to conduct his class in its building, allowed him to use

its mats, invited the children to attend the class, and sent notice to the parents; and that appellant cannot now deny that Perry was its servant. But if A loans his premises and tools to B and recommends B and his services to the public generally, that is not a representation by A that B is his servant.

The school district notified Leonard's parents that the W. P. A. would conduct the tumbling class and thus gave them the opportunity of forbidding their son from attending it. They did forbid him. When the matter is reduced to its lowest terms, the only fault which can possibly be ascribed to the school district is that it failed to check Perry's classes to see that no one attended them without parental permission. But the parents' attitude on the matter was to be reported to Perry, not the school district, and in any event we do not think the school district can be held responsible for the ultimate consequences of Leonard's disobedience.

The judgment appealed from is reversed.

STEINERT, C. J., BEALS, MILLARD, and BLAKE, JJ., concur.