[No. 28262. Department Two. February 17, 1941.]

RAY READ, *a Minor, by Almeda Read, his Guardian ad Litem, et al., Respondents,* v. SCHOOL DISTRICT No. 211 OF LEWIS COUNTY, *Appellant.*[1]

[1]Reported in 110 P. (2d) 179.

*Bruce Bartley, George Bovingdon, Lloyd B. Dysart,* and *Lee Campbell,* for appellant.

*J. D. Searle,* for respondents.

SIMPSON, J.—This action was instituted by Ray Read, through his guardian *ad litem,* and by his parents to recover damages from the school district arising from a personal injury to Ray Read while engaged in playing a game during a physical education class period. Ray Read sought recovery for personal injuries, and his parents sought to recover the expenses incurred as the result of injuries and compensation for the loss of their son's services.

The complaint alleged that the school district, through its agent Don Bonamy, the physical education instructor in charge of the class, negligently caused the injuries to Ray Read. The charges of negligence were: (1) Defendant required plaintiff Ray Read to play a game which was so rough that it could not be played safely inside the gymnasium where the injury occurred; (2) the instructor actively encouraged roughness on the part of the members of the class; (3) the instructor participated in the game as a player and was unable to supervise the play in a proper manner; and (4) defendant conducted the classes in a gymnasium known to be unsafe for vigorous games, in that the floor was rough and uneven, and vibrated under active play.

Defendant in its answer denied generally the allegations of the complaint.

Trial was had to a jury, and a verdict returned in favor of plaintiffs. Defendant presented a motion for judgment notwithstanding the verdict and an alter-

native motion for a new trial. The court denied the motions and entered judgment for plaintiffs, with their consent, in an amount slightly less than that contained in the verdict. Defendant has appealed.

The assignments of error are as follows: (1) Failure to sustain appellant's demurrer to respondents' complaint; (2) failure to grant appellant's motion for nonsuit; (3) refusal to direct a verdict for appellant; (4) refusal to grant appellant's motion for judgment n. o. v.; and (5) entry of judgment for respondents.

■ It is the rule that, upon appeal in a case where the jury has returned the verdict, this court must consider the facts in the light most favorable to respondents, and the verdict must stand if there was sufficient evidence upon which it could have been founded. *Rice v. Garl*, 2 Wn. (2d) 403, 98 P. (2d) 301.

Having this rule in mind, we find the facts to be as follows: Ray Read was a student in appellant's high school and, at the time of the injury, was attending a physical education class, which was a required part of his school work. The class was conducted in an old gymnasium maintained by appellant. The game in which Ray Read and the other members of the class were playing at the time of his injury, was a variation of the game of "touch football," played with a rubber soccer ball. The ball was put in play by a jump-off at the center of the floor. The object of the game was to score a goal by reaching and touching the wall at the far end of the floor. Tackling, clipping, slugging, and tripping were against the rules, but body contact for blocking purposes was permitted.

The gymnasium was long and rather narrow, the walls being made of concrete. The floor was of wood built over a true concrete base. The floor had a tendency to vibrate and sag under the weight of persons running thereon, due to inadequate support by the

underlying joists. There was also testimony to the effect that there were two spots in the northwest portion of the floor where there were defective board connections, causing slightly raised board edges to appear. The instructor acted as referee in the game and, on the day in question, participated in the game.

Ray Read's testimony was to the effect that, at the time of the accident, he was running after the ball in the northwest corner of the room. He said that, as he bent to pick it up, a number of other student participants ran into and upon him, and that somebody's foot, or knee, or elbow, he didn't know which, inflicted an injury upon his back. The point which he indicated on a diagram of the floor as the scene of the accident, was at least five or six feet away from the points at which the defective boards were located. He stated that he did not trip over the defective boards and did not know whether any of the other boys had tripped over them, or whether they had crossed over that portion of the floor. None of the other boys called as witnesses had any recollection of the manner in which the accident occurred, and Ray Read had no knowledge as to who had fallen upon him or the cause of their action. He stated that the boys might have run into him in preference to running into the rough cement walls.

Ray Read, and some of the witnesses who testified in his behalf, stated that the game had been played in a rough manner usually and that the instructor did not enforce the rules strictly. However, the witnesses also testified that there had never been any other instance of injuries being sustained by the participants. The evidence further showed that Ray Read was a vigorous, strong youth of eighteen years of age at the time of the accident and that he was one of the largest boys in the class.

Appellant's contention is that respondents failed to prove either negligence or proximate cause, and that Rem. Rev. Stat., § 4706 [P. C. § 4897], precludes a recovery by respondents.

■ It is the general rule that school districts are not liable for negligence in the performance of their governmental functions in the absence of statutory provision for such liability. *Casper v. Longview School Dist. No. 122,* 5 Wn. (2d) 403, 105 P. (2d) 503.

It is also true that the physical education of children is a governmental function which comes within the purview of the general rule. *Howard v. Tacoma School Dist. No. 10,* 88 Wash. 167, 152 Pac. 1004, Ann. Cas. 1917D, 792.

In this state, the legislature has abrogated the general rule by Rem. Rev. Stat., § 951 [P. C. § 8394], which provides that counties and other public corporations shall be liable for the injuries which they inflict upon individuals. The abrogation of the general rule is not complete, however, for the legislature has excluded from its operation injuries produced by the use of certain equipment maintained by school districts. Rem. Rev. Stat., § 4706.

Appellant urges that the section last mentioned is broad enough to cover the injuries sustained by Ray Read on the floor of the gymnasium during the time the game was played thereon. We do not feel called upon to decide that question, because of our conclusion that respondents failed to prove that appellant or its agent was guilty of any negligence which caused the injuries sustained by Ray Read.

■ Schools are not insurers of safety of those who participate in their athletic activities. *Walter v. Everett School Dist. No. 24,* 195 Wash. 45, 79 P. (2d) 689. Before liability can be imposed upon school districts,

there must be a showing of fault on the part of the district or its agents.

■ It is an elementary proposition that a liability for injuries cannot be predicated upon conjecture or speculation. It must be based upon actual proof both of negligence and of a causal relation between that negligence and the injury sustained. *Hansen v. Seattle Lumber Co.*, 31 Wash. 604, 72 Pac. 457; *Peterson v. Union Iron Works*, 48 Wash. 505, 93 Pac. 1077; *Knapp v. Northern Pac. R. Co.*, 56 Wash. 662, 106 Pac. 190.

In the first case cited above, this court quoted with approval the following passage from the opinion of Mr. Justice Brewer in *Patton v. Texas & Pac. R. Co.*, 179 U. S. 658, 45 L. Ed. 361, 21 S. Ct. 275:

"The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employé to establish that the employer has been guilty of negligence. . . . That in the latter case it is not sufficient for the employé to show that the employer may have been guilty of negligence—the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employé is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony, and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting upon all plaintiffs."

■ In the instant case, viewing the evidence in the light most favorable to respondents, we fail to find any proof which could have been the basis of a verdict in favor of respondents. Even though it may possibly

have been negligence to conduct a game of this type in a gymnasium, and even though there may have been defective floor boards, still there was no showing other than Ray Read's speculation that the injury was in any way caused by that negligence. There was no showing that either Ray Read or those who ran into him tripped over the defective boards, nor was there any showing that the rough walls had any causal connection with the accident. The fact that the floor boards were hard, as compared with the ground upon which the game was ordinarily played, has no bearing upon the injury sustained, for that injury was due to the impact of some one's foot, or knee, or elbow, upon Ray Read's back, and such an impact might have happened as easily outside as in the gymnasium.

There was no showing that the failure on the part of the instructor to properly conduct the game was in any way the cause of the boys' running into Ray Read, nor was there any evidence that the accident was in any way caused because of the fact that the instructor was a participant in the game.

The injury which occurred, in so far as the evidence indicates, was the result of pure accident and cannot be attributed to any act or omission on the part of the school district or its agent.

The case of *Morris v. Union High School Dist.*, 160 Wash. 121, 294 Pac. 998, cited by respondents, is of no significance in the case at bar, inasmuch as it involved a football game in which the coach put a boy into the game who had been previously injured in football practice and who was known to the coach to be physically disabled at the time. The student sustained further injuries of a serious nature due to the preexisting disability, and the school district was held liable for the negligent action of the coach. No such situation is presented in this case.

As we have stated, Ray Read was a strong, healthy youth, one of the largest in the class, and he had no known weakness or disability at the time the game was being played.

For the foregoing reasons, we conclude that the evidence was not sufficient to justify its consideration by the jury.

The judgment is therefore reversed, and the cause is remanded with instructions to dismiss the action.

ROBINSON, C. J., BEALS, MILLARD, and JEFFERS, JJ., concur.