
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE NOV 0 1 2018

CHIEF JUSTICE

This opinion was filed for record

at 8:00 am on Nov 1, 2018

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| HEIDI JO HENDRICKSON, a single person, | ) ) ) | No. 94898-4 |
| Respondent, | ) ) | |
| v. | ) ) | En Banc |
| MOSES LAKE SCHOOL DISTRICT, a municipal corporation, | ) ) ) | Filed ___ NOV 0 1 2018 ___. |
| Petitioner. | ) ) ) | |

WIGGINS, J.—Heidi Jo Hendrickson brought this action against the Moses Lake School District (Moses Lake or the District) to recover for injuries she suffered while operating a radial table saw in a woodshop class at Moses Lake High School. The jury found that Moses Lake was negligent but that its negligence was not a proximate cause of Hendrickson's injuries. Hendrickson appealed, arguing that the trial court erred in instructing the jury that Moses Lake owed a duty of ordinary care to Hendrickson instead of a heightened duty of care. The Court of Appeals agreed with Hendrickson and reversed, remanding for a new trial. Because school districts are subject to an ordinary duty of care, not a heightened duty, we reverse the Court of Appeals' ruling on this point.

Hendrickson asks us to reverse the Court of Appeals' conclusion that Moses Lake could assert an affirmative defense of contributory negligence by plaintiff Hendrickson. Because contributory negligence applies here, we affirm the Court of Appeals' ruling on this point. As a result, we reinstate the jury's verdict in Hendrickson's case.

## FACTS AND PROCEDURAL HISTORY

### I. Factual History

Heidi Jo Hendrickson, a freshman at Moses Lake High School, injured herself while in a woodshop class taught by Kevin Chestnut. Prior to the injury, Hendrickson was using a radial table saw to cut a board. She initially used a push stick to guide the board through the saw, but the board became stuck. Hendrickson put the push stick down and attempted to dislodge the board from the saw with her hand. Her hand came into contact with the saw, which severely cut her thumb. She received emergency medical attention for her injury. Unfortunately, the cut was so severe that it resulted in the partial amputation of her thumb.

At the time of the injury, Chestnut was supervising other students in an area outside of the room and could not see the table saw area. Chestnut testified at trial about how he trained students before allowing them to use the table saw. He would demonstrate two different types of cuts, and the students would make those cuts one at a time under his supervision until they did so correctly. Students would also take a written test. Then, the students would make approximately 40 to 80 cuts under his

supervision. After Hendrickson made a minimum of 60 correct cuts under Chestnut's supervision, Chestnut permitted her to use the table saw on her own.

Chestnut also testified that he instructed the students to always use a push stick when cutting boards and if anything unusual happened, like the table saw stopping, to turn off the saw and come get him. On the table saw that Hendrickson used, Chestnut had removed the antikickback device and splitter because the saw could become "extremely dangerous" if these pieces became misaligned.

Hendrickson sued Moses Lake for her injuries, alleging that the District was vicariously liable for Chestnut's negligence in training and supervising her use of the table saw, as well as in maintaining the saw by removing the antikickback device and splitter.

## II. Procedural History

After both parties presented their evidence at trial, they argued extensively about jury instructions. Hendrickson proposed the following instruction regarding Moses Lake's duty of care (hereafter referred to as "Proposed Instruction No. 7"):

> A school district has a "special relationship" with a student in its custody and a heightened duty of care to protect him or her from foreseeable harm. Harm is foreseeable if the risk from which it results was known, or in the exercise of reasonable care should have been known.[1]

However, the trial court refused to give Proposed Instruction No. 7 and instead gave Instruction No. 12 regarding Moses Lake's duty of care:

> Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the

---

[1] Originally, Hendrickson proposed a much longer instruction. However, she agreed to shorten the instruction to the language quoted above.

3

same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances.

Hendrickson filed a written exception to the trial court's decision to not give Proposed Instruction No. 7.

Hendrickson also objected to the trial court's decision to give a jury instruction on contributory negligence. At trial, Moses Lake argued that Hendrickson was negligent and that her failure to use a push stick and turn off the saw after the board became stuck were the proximate causes of her injuries. Moses Lake relied on Hendrickson's contributory negligence in its closing argument.

The jury returned a verdict in favor of Moses Lake. Although it found that Moses Lake was negligent, it concluded that the District's negligence was not the proximate cause of Hendrickson's injuries. Hendrickson appealed this adverse decision to the Court of Appeals.

The Court of Appeals affirmed in part and reversed in part. *Hendrickson v. Moses Lake Sch. Dist.*, 199 Wn. App. 244, 246, 398 P.3d 1199 (2017). It held that the trial court erred by failing to give Proposed Instruction No. 7, because the jury had to be instructed on Moses Lake's "enhanced" duty of care. *Id.* at 249. It also held that it was not error to instruct the jury on contributory negligence. *Id.* at 254. Both Hendrickson and Moses Lake appealed this decision to us. We granted review of their petitions.

## STANDARD OF REVIEW

"We review a trial court's decision to give a jury instruction 'de novo if based upon a matter of law, or for abuse of discretion if based upon a matter of fact.'" *Taylor v. Intuitive Surgical, Inc.*, 187 Wn.2d 743, 767, 389 P.3d 517 (2017) (quoting *Kappelman v. Lutz*, 167 Wn.2d 1, 6, 217 P.3d 286 (2009)).

## ANALYSIS

We reverse the Court of Appeals in part and affirm the Court of Appeals in part. First, we reverse the Court of Appeals' conclusion that the trial court erred by failing to give a "heightened" duty of care instruction. A school district is held to a standard of ordinary care, not heightened care. Thus, it was not error for the trial court to refuse to give an instruction on heightened care and instead instruct the jury on the standard of ordinary care. Second, we affirm the Court of Appeals' conclusion that the trial court did not err by giving an instruction on comparative negligence. We hold that comparative negligence is the default rule and applies in these circumstances.

I. Jury Instructions

Before we analyze whether the trial court erred by failing to give Proposed Instruction No. 7, we first clarify the standard of care that Moses Lake owed to Hendrickson. After reviewing our case law and other relevant resources, it is clear that Moses Lake had a duty of ordinary, reasonable care to protect Hendrickson from foreseeable harm. But, because Hendrickson requested an instruction for a *heightened* duty of care, Proposed Instruction No. 7 was legally erroneous. The trial

court did not abuse its discretion by refusing to give a legally erroneous instruction. Thus, we reverse the Court of Appeals on this issue.[2]

### a. Ordinary Duty of Care

We have long held that "[s]chool districts have the duty 'to exercise such care as an ordinarily responsible and prudent person would exercise under the same or similar circumstances.'" *N.L. v. Bethel Sch. Dist.*, 186 Wn.2d 422, 430, 378 P.3d 162 (2016) (quoting *Briscoe v. Sch. Dist. No. 123*, 32 Wn.2d 353, 362, 201 P.2d 697 (1949)). We adopted this duty of ordinary, reasonable care in *McLeod v. Grant County School District No. 128*, 42 Wn.2d 316, 320, 255 P.2d 360 (1953). In that case, we held that a school district could potentially be held liable for the rape of a student by other students while on campus. *Id.* We based our holding on two factors: "first, the relationship between the parties, and second, the general nature of the risk." *Id.* at 319. School districts have a custodial relationship with their students—"[i]t is not a voluntary relationship." *Id.* As a result, the school district must "take certain precautions to protect the pupils in its custody from dangers reasonably to be anticipated." *Id.* at 320. The mere fact that the intervening act of a third party results in harm does not necessarily absolve the school district of liability. *Id.* As long as the harm is "reasonably foreseeable," a school district may be liable if it failed to take

---

[2] At the Court of Appeals, Hendrickson argued that the trial court erred by giving Instruction No. 18. The Court of Appeals failed to address this claim, and Hendrickson did not raise the issue in her cross petition for review or address it in her briefing at this court. *See Hendrickson*, 199 Wn. App. 244. As a result, we decline to reach the issue of whether the trial court erred by giving Instruction No. 18. *Sprague v. Spokane Valley Fire Dep't*, 189 Wn.2d 858, 876, 409 P.3d 160 (2018) ("We will not consider arguments that a party fails to brief.").

reasonable steps to prevent that harm. *Id.* "[T]he question is whether the actual harm fell within a general field of danger which should have been anticipated." *Id.* at 321.

In a later case, we described the duty of care as "enhanced," but we did not heighten the school district's duty above ordinary, reasonable care. *Christensen v. Royal Sch. Dist. No. 160*, 156 Wn.2d 62, 67, 124 P.3d 283 (2005). Instead, we merely recognized the fact that unlike most parties, school districts have a duty to protect their students from foreseeable harm, even when that harm is caused by third parties. *N.L.*, 186 Wn.2d at 429-30.

This special relationship duty of care is discussed in sections 314 and 314A of *Restatement (Second) of Torts* (Am. Law Inst. 1965). First, section 314 describes the duty of care when the parties do not have a special relationship. These parties are not required to anticipate or take affirmative action to protect others from harm unless the object causing harm is within the party's direct control. *See* RESTATEMENT (SECOND) OF TORTS § 314 ("The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action."). Therefore, the duty of most parties is to take ordinary, reasonable care to avoid *causing* harm to the plaintiff.

In contrast, section 314A describes the duty of care in the context of a special relationship. Parties who take custody of another have a duty to "*protect* them against unreasonable risk of physical harm." *Id.* § 314A(1)(a). This duty "extends also to risks . . . from the acts of third persons, whether they be innocent, negligent, intentional, or even criminal." *Id.* § 314A cmt. d. Yet, even when the parties have a special

7

relationship, the standard of care remains one of ordinary, reasonable care: "The duty in each case is only one to exercise reasonable care under the circumstances. The defendant is not liable where he neither knows nor should know of the unreasonable risk." *Id.* § 314A cmt. e.

With these principles in mind, it is helpful to think of a school district's duty of care as existing within a pool of risk. Ordinarily, parties operate within a limited pool of risk—they are not required to take affirmative action to protect others from harm unless the object causing harm is within the party's direct control. However, when parties have a special custodial relationship, like the relationship between a school district and its students, they enter a larger pool of risk and are required "to take affirmative precautions for the aid or protection of the other." *See id.* § 314 cmt. a. This duty extends to all reasonably foreseeable harm even when that harm is caused by third parties. *Id.* § 314A cmt. d. As a result, school districts have a duty "to anticipate dangers which may reasonably be anticipated, and to then take precautions to protect the pupils in its custody from such dangers." *McLeod,* 42 Wn.2d at 320.[3]

Having clarified the appropriate legal standard of care that Moses Lake owed to Hendrickson, and upon which the jury was to be instructed, we now turn to

---

[3] A school district's duty to anticipate and account for risks to students falls squarely within the ordinary duty of care that school districts have toward students in their custody. To anticipate such risks and account for them is precisely what a "'responsible and prudent person would exercise under the . . . circumstances'" of the relationship between a school and its students. *N.L.,* 186 Wn.2d at 430 (quoting *Briscoe,* 32 Wn.2d at 362). This duty to protect students is "'enhanced and solemn'" only to the extent that absent the special relationship between schools and their students, the duty of care is normally only to avoid causing harm to potential plaintiffs, not to protect them against harm from third parties. *Id.* (quoting *Christensen,* 156 Wn.2d at 67); *see* RESTATEMENT (SECOND) OF TORTS §§ 314, 314A.

Hendrickson's contention that the trial court abused its discretion by failing to give Proposed Instruction No. 7.

### b. Proposed Instruction No. 7

Hendrickson asked the trial court to instruct the jury that Moses Lake had a heightened duty of care to protect students from foreseeable harm:

> A school district has a "special relationship" with a student in its custody and a *heightened duty of care* to protect him or her from foreseeable harm. Harm is foreseeable if the risk from which it results was known, or in the exercise of reasonable care should have been known.

Hendrickson's proposed instruction did not explain what she meant by a "heightened" duty of care.

A trial court need not give a legally erroneous instruction. *Crossen v. Skagit County*, 100 Wn.2d 355, 360, 699 P.2d 1244 (1983) ("The clear rule is that a 'trial court need never give a requested instruction that is erroneous in any respect.'" (quoting *Vogel v. Alaska S.S. Co.*, 69 Wn.2d 497, 503, 419 P.2d 141 (1966))); *see also Griffin v. W. RS, Inc.*, 143 Wn.2d 81, 90, 18 P.3d 558 (2001) ("The trial court therefore did not err . . . because it had no duty to give an incorrect instruction."). Here, Proposed Instruction No. 7 was legally erroneous.

As discussed above, Moses Lake had a duty to take ordinary, reasonable care to protect Hendrickson from foreseeable harm. *See N.L.*, 186 Wn.2d at 430. Yet, Hendrickson asked the trial court to instruct the jury that Moses Lake had a "heightened" duty of care to protect her from harm. We have never held that a school

district is subject to a *heightened* duty of care.[4] Instead, school districts are held to a standard of *ordinary* care to protect their students from foreseeable harm. *Id.* As a result, Proposed Instruction No. 7 was legally erroneous. The Proposed Instruction likely would have misled the jury to think that more than ordinary, reasonable care was required. We take this opportunity to reaffirm the standard of ordinary, reasonable care of school districts to protect their students from foreseeable harm and hold that juries should be instructed accordingly.

Hendrickson's Proposed Instruction No. 7 also included the term "foreseeable." Hendrickson now argues on appeal that the court should have instructed the jury on foreseeability. Hendrickson Suppl. Br. at 6 ("A school's duty is 'enhanced' and 'heightened' in the sense that it extends to all foreseeable risks of harm that occur within the scope of the school-student relationship."); Hendrickson Answer to Amicus Curiae Mem. of Wash. Sch. Risk Mgmt. Pool at 2 ("It is necessary to instruct the jury regarding the duty of reasonable care with respect to all risks of harm within the school-student relationship."). For several reasons, we reject Hendrickson's argument.

Hendrickson's only request for an instruction on foreseeability was her Proposed Instruction No. 7, which mentions foreseeability, but only as part of the "heightened duty of care to protect [a student] from foreseeable harm." Although an

---

[4] In contrast, the Court of Appeals has occasionally described the duty as "heightened." *See, e.g.*, *Schwartz v. Elerding*, 166 Wn. App. 608, 618, 270 P.3d 630 (2012) (stating that "*McLeod* recognized that a heightened duty was owed"). To the extent that the Court of Appeals' cases describing the duty as one of "heightened" care, rather than ordinary care, have resulted in situations where more than reasonable care was required, they are inaccurate in this regard.

instruction on foreseeability would not have been erroneous on its own, an instruction on the heightened duty of care would have been erroneous, as discussed above. This language rendered Proposed Instruction No. 7 incorrect. The trial judge did not err in refusing to give it.

There is a corollary to the principle that a trial judge is not required to give an incorrect instruction to the jury. "So long as the trial court understands the reasons a party objects to a jury instruction, the party preserves its objection for review." *Washburn v. City of Federal Way*, 178 Wn.2d 732, 747-48, 310 P.3d 1275 (2013). For example, in *Washburn*, we rejected the defendant's argument that the plaintiff had failed to preserve objections to jury instructions in the earlier case of *Crossen*, 100 Wn.2d 355. We described our holding in *Crossen* as follows:

> We reversed, holding that a party preserves an allegation of instructional error for review if they object and the trial court understands the substance of the objection. *Crossen*, 100 Wn.2d at 359. We reviewed the trial record, found "extended discussions" about the jury instructions, and determined that the trial court understood the nature of Crossen's objection.

*Washburn*, 178 Wn.2d at 747 (quoting *Crossen*, 100 Wn.2d at 359).

This corollary rule cannot help Hendrickson because she never asked for a foreseeability instruction other than the erroneous Proposed Instruction No. 7. Nor did the parties in this case engage in the "extended discussions" about an instruction on

foreseeability. As a result, we conclude that it was not error for the trial court to fail to give the legally erroneous Proposed Instruction No. 7.[5]

### c. *Instruction No. 12*

We now address Hendrickson's argument that Instruction No. 12, the jury instruction given on the ordinary duty of care, was erroneous. We disagree for the following reasons.

"'Jury instructions are sufficient when they allow counsel to argue their theory of the case, are not misleading, and when read as a whole properly inform the trier of fact of the applicable law.'" *Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wn.2d 851, 860, 281 P.3d 289 (2012) (quoting *Bodin v. City of Stanwood*, 130 Wn.2d 726, 732, 927 P.2d 240 (1996)). When a jury instruction erroneously states the law and prejudices a party, we must reverse. *Gregoire v. City of Oak Harbor*, 170 Wn.2d 628, 635, 244 P.3d 924 (2010). "Prejudice is presumed if the instruction contains a clear misstatement of the law; prejudice must be demonstrated if the instruction is merely misleading." *Anfinson*, 174 Wn.2d at 860.

Here, the school district owed Hendrickson a duty of ordinary care. *N.L.*, 186 Wn.2d at 430. Instruction No. 12 described the duty of ordinary care as follows:

> Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances.

---

[5] There would have been nothing erroneous about an instruction that stated that the school had a special relationship with Hendrickson. Schools do have a special relationship with their students. RESTATEMENT (SECOND) OF TORTS §§ 314, 314A. Proposed Instruction No. 7 was erroneous because it included the language about the heightened duty of schools to their students, not because of its reference to this special relationship.

This is an accurate statement of the duty of ordinary care. *See, e.g., Woodward v. Taylor*, 184 Wn.2d 911, 920, 366 P.3d 432 (2016) ("'ordinary care' . . . is defined as 'that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances or conditions'" (quoting *Gordon v. Deer Park Sch. Dist. No. 414*, 71 Wn.2d 119, 122, 426 P.2d 824 (1967))). Thus, Instruction No. 12 was not a "clear misstatement" of the duty owed by the school district.

Because Instruction No. 12 was not a "clear misstatement" of the law, we cannot presume it was prejudicial. *Anfinson*, 174 Wn.2d at 860. Instead, we must decide whether Instruction No. 12 prejudiced Hendrickson by preventing her from arguing her theory of the case, misleading the jury, and misinforming the jury of the applicable law.

We hold that Instruction No. 12 did not prevent Hendrickson from arguing her theories of negligence in this case. Hendrickson alleged that Moses Lake was negligent in one or more of the following ways: (1) Moses Lake "[f]ailed to use and maintain required safety equipment and guards"; (2) Moses Lake "[f]ailed to provide reasonable instruction to [Hendrickson]'"; and/or (3) Moses Lake "[f]ailed to reasonably supervise the plaintiff on the use of the table saw." To prevail on these claims, Hendrickson had to prove that Moses Lake failed to exercise ordinary care in its supervision and instruction of Hendrickson or its maintenance of the table saw. *See N.L.*, 186 Wn.2d at 430 (holding that "[s]chool districts have the duty 'to exercise such care as an ordinarily responsible and prudent person would exercise under the same or similar circumstances'" (quoting *Briscoe*, 32 Wn.2d at 362)).

13

Contrary to Hendrickson's assertions, it was not necessary to instruct the jury on foreseeability to argue these theories of negligence. The parties did not dispute the existence of Moses Lake's duty to protect Hendrickson from foreseeable harm. *See, e.g.*, Clerk's Papers (CP) at 352 (Hendrickson Trial Br.) ("In this matter, it is undisputed that the School District owed a duty to Ms. Hendrickson."), 506 (Moses Lake Trial Br.) ("The District does owe Ms. Hendrickson a duty of reasonable care, which includes proper supervision and the duty to use reasonable care to protect Ms. Hendrickson against foreseeable risks."). Rather, the parties disputed whether that duty was an ordinary one or a heightened one and whether Moses Lake satisfied its duty.[6] *Compare* CP at 506 ("Mr. Chestnut did provide this care when he trained [Hendrickson] how to safely use the table saw."), *with* CP at 4 ("Chestnut's instructions and supervision were grossly insufficient to ensure Hendrickson's safe and proper use of the radial table saw."). Furthermore, neither party argued that the harm Hendrickson suffered was unforeseeable. Thus, because neither the duty to protect from foreseeable harm nor the injury's foreseeability were disputed in this case, an instruction on foreseeability was not necessary.[7] Because Instruction No. 12 accurately stated the duty of ordinary care, it allowed Hendrickson to argue her

---

[6] The parties also disputed whether the District could assert an affirmative defense of contributory negligence. This issue is discussed *infra*.

[7] We do not address whether it may be necessary to instruct the jury on matters of foreseeability in other cases. *See, e.g.*, *Sage v. N. Pac. Ry. Co.*, 62 Wn.2d 6, 12, 380 P.2d 856 (1963) (stating that because the plaintiff's theory of negligence in a case turned on foreseeability, the jury should have been instructed on the "element of foreseeability as such relates to negligence").

theories of negligence in this case, and an instruction on foreseeability was not required, nor was its absence prejudicial.

We also hold that Instruction No. 12 was not misleading. Again, Hendrickson argued that Moses Lake was negligent because Chestnut improperly removed the antikickback device and splitter from the table saw and/or Chestnut did not exercise reasonable care in his instruction and supervision of Hendrickson while she used the saw. Instruction No. 12 properly informed the jury in its determination of whether Moses Lake satisfied its duty of ordinary care in these circumstances. Instruction No. 12 advised the jury that it should find negligence if Moses Lake failed to exercise ordinary care; it also accurately defined what constituted ordinary care. *Compare* CP at 1528, *with Woodward*, 184 Wn.2d at 920. Ultimately, the jury found that Moses Lake was negligent.

The jury's special verdict did not specify under which theory or theories the jury found that the District was negligent. The Court of Appeals relied on this fact when it concluded that "it is possible, if not probable, that the jury found the district negligent as to only one of Ms. Hendrickson's theories." *Hendrickson*, 199 Wn. App. at 250-51. The Court of Appeals went on to conclude that this was evidence of prejudice because the jury was not properly instructed on the duty of care. *Id.* at 249. This is not a sufficient basis on which to overturn the jury's verdict here. The jury was properly instructed on the applicable standard of ordinary care, and because foreseeability was not at issue, it was unnecessary to give the jury an instruction on foreseeability. Consequently Instruction No. 12 did not mislead the jury. *Chhuth v. George*, 43 Wn.

15

App. 640, 651, 719 P.2d 562 (concluding that "since the court properly instructed the jury, there is no basis for disregarding the verdict"), *review denied*, 106 Wn.2d 1007 (1986).

Finally, we hold that when read in context with the other jury instructions, Instruction No. 12 properly informed the jury of the applicable law. As discussed above, Instruction No. 12 was an accurate statement of the law regarding ordinary care in this case. The other instructions, such as those regarding proximate cause, were also correct. As a result, the jury was properly informed about the law applicable to Hendrickson's case.

Because Instruction No. 12 allowed Hendrickson to argue her theories of negligence against the District, was not misleading, and when read in context with the other instructions appropriately instructed the jury, we hold that the trial court did not err by giving the jury Instruction No. 12.

In sum, because Hendrickson requested a jury instruction for a heightened duty of care, rather than ordinary care, Proposed Instruction No. 7 was misleading and contained an erroneous statement of the law. Consequently, the trial court did not abuse its discretion by failing to give Proposed Instruction No. 7. *Crossen*, 100 Wn.2d at 360-61. Nor did the trial court err by giving Instruction No. 12. As a result, we reverse the Court of Appeals on this issue.

II. Contributory Negligence

We now turn to Hendrickson's argument that Moses Lake cannot assert contributory negligence as an affirmative defense. After reviewing the arguments and

relevant case law, we hold that the trial court did not err by instructing the jury on contributory negligence.

The default rule is that a defendant may assert an affirmative defense of contributory fault against a plaintiff. RCW 4.22.005. Under the "Tort Reform Act of 1986," the trier of fact is required to apportion fault to every person or entity that caused the claimant's damages. RCW 4.22.070(1) ("In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages except entities immune from liability to the claimant under Title 51 RCW. The sum of the percentages of the total fault attributed to at-fault entities shall equal one hundred percent."). In situations of contributory negligence, the claimant may be one of those parties to which the trier of fact must apportion fault. When a jury concludes that a plaintiff contributed to his or her damages by his or her own negligence, the court reduces the plaintiff's award by a proportionate amount:

> In an action based on fault seeking to recover damages for injury or death to person or harm to property, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery.

RCW 4.22.005.

Allocation of contributory fault is not allowed in a few situations, none of which applies here. We have held that a school district may not assert a defense of contributory negligence when a student is sexually abused by a teacher. *Christensen*, 156 Wn.2d at 70-71. We reasoned that as a matter of public policy, "children do not

17

have a duty to protect themselves from sexual abuse by their teachers." *Id.* at 70. We also noted that children under 16 are legally incapable of consenting to a sexual relationship with a teacher. *Id.* at 64. Ultimately, we concluded that contributory fault does not apply "because [a student] lacks the capacity to consent and is under no legal duty to protect herself from the sexual abuse." *Id.* at 64-65.

We also held that a prison may not assert a defense of contributory negligence in situations of inmate suicide. *Gregoire*, 170 Wn.2d at 631. We reasoned that "the injury-producing act—here, the suicide—is the very condition for which the duty [to protect the inmate] is imposed." *Id.* at 641. Thus, any instruction on an inmate's contributory negligence would absolve a prison of its duty to protect that inmate from injuring him- or herself. *Id.* at 643-44. This de facto immunization from liability for inmate suicide was "unsupportable from a policy perspective." *Id.*

Hendrickson relies on these cases to argue that contributory negligence is an incompatible defense in situations of school district negligence. However, we have never held that contributory negligence is inapplicable in *all* cases of school district negligence. In fact, we have acknowledged the right of a school district to raise contributory negligence in multiple cases. *See, e.g., Briscoe*, 32 Wn.2d at 366 ("[T]he very most that can be said of a charge that the boy's actions constituted contributory negligence is that it is a jury question, under proper instructions to be given by the

court.").[8] We have also long recognized the general rule that children over the age of six may be found contributorily negligent. *See Graving v. Dorn*, 63 Wn.2d 236, 238-39 & n.2, 386 P.2d 621 (1963) (concluding that children over the age of six may be contributorily negligent after a review of 40 decisions). Both *Christensen* and *Gregoire* are exceptions to the general rule of contributory negligence and are distinguishable from Hendrickson's case.

Unlike the student in *Christensen*, there is no legal bar preventing Hendrickson from consenting to use the table saw that caused her injuries. 156 Wn.2d at 64. Nor is there a per se rule barring contributory negligence in situations where a victim is legally incapable of consent. *See, e.g., Schooley v. Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468, 481, 951 P.2d 749 (1998) (applying contributory negligence in a case where the minor victim was legally incapable of consenting). And, unlike the inmate in *Gregoire*, Hendrickson was not engaged in intentional self-harm; thus, the "application of

---

[8] *See also Eckerson v. Ford's Prairie Sch. Dist. No. 11*, 3 Wn.2d 475, 487, 101 P.2d 345 (1940) ("The rule is that contributory negligence is ordinarily a question of fact for the jury to determine. Under the evidence as heretofore detailed, we think that, upon that issue, a question was presented for the jury's determination."); *Gattavara v. Lundin*, 166 Wash. 548, 555, 7 P.2d 958 (1932) (holding that the issue of contributory negligence was a matter for the jury in the context of a lawsuit against a school district); *Rice v. Sch. Dist. No. 302*, 140 Wash. 189, 194, 248 P. 388 (1926) ("Contributory negligence, set up in the answer, was under the evidence in this case, a matter for the jury under proper instructions which were given, and to which instructions no exceptions were taken that are urged on the appeal."); *Hutchins v. Sch. Dist. No. 81*, 114 Wash. 548, 554, 195 P. 1020 (1921) ("In the instructions, the court clearly and fully defined contributory negligence and its effect, and pointed out that, in considering this defense, the jury should pass upon the question as to whether the boy appreciated the dangers to which he was subjected and that his appreciation would depend upon his intelligence and experience more than upon his age."); *Yurkovich v. Rose*, 68 Wn. App. 643, 656, 847 P.2d 925 (1993) ("It is evidence that [the student] voluntarily encountered a risk that had already been created by the negligence of the defendant. In such cases, the plaintiff's conduct is a form of contributory negligence, and if fault is found it operates only to reduce the amount of plaintiff's recovery.").

contributory fault to her conduct would not effectively immunize the district from liability." *Hendrickson*, 199 Wn. App. at 254.

Hendrickson has failed to offer any other context-specific reasons for why contributory negligence should not apply here. Instead, she argues generally that the existence of a special relationship between her and Moses Lake should bar the application of contributory negligence. We disagree. As the parties acknowledged at oral argument, to our knowledge, no state has barred the application of contributory negligence in cases of school district negligence. *See* Wash. Supreme Court oral argument, *Hendrickson v. Moses Lake Sch. Dist.*, No. 94898-4 (May 31, 2018), at 12 min., 15 sec. to 12 min., 22 sec.; 33 min., 56 sec. to 34 min., 7 sec., *video recording by* TVW, Washington State's Public Affairs Network, http://www.tvw.org. We also find no support for such a rule in our case law or the *Restatement (Second) of Torts*. Consequently, we decline to adopt a new rule barring contributory negligence here.

## CONCLUSION

In conclusion, we reverse the Court of Appeals in part and affirm in part. We hold that the trial court did not err by failing to give Proposed Instruction No. 7 because it was misleading and erroneously stated the applicable law. We also hold that the trial court did not err by giving Instruction No. 12, which appropriately advised the jury in this case. Finally, we hold that the trial court did not err by instructing the jury on contributory negligence. As a result, we reinstate the jury's verdict.

Wiggins, J.

WE CONCUR.

Fairhurst, C.J.

Johnson, J.

Madsen, J.

Owens, J.

Stephens, J.

González, J.

Gordon McCloud, J.

Yu, J.