[No. 25260.  *En Banc.*  February 26, 1935.]

L. M. BENSON, *Respondent,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*Vanderveer & Bassett,* for respondent.

PER CURIAM.—In all essential features save one, the
facts in this case are identical with the facts in the
case of *Garney v. Department of Labor and Industries,
ante* p. 645.  The workman in that case was employed
in the maintenance and care of a public road; here,
the plaintiff was employed in clearing property owned
by the Everett post of the American Legion.  The land
lay partially within and partially without the city of
Everett.  With the consent of the Legion, the city and
the county of Snohomish were undertaking to develop
the tract for park and recreational purposes.  The
work was being done under the supervision of the
county engineer.  The laborers working on the job
were under the immediate direction and control of a
foreman in the regular employ of the county.  They

[1]Reported in 41 P. (2d) 404.

were hired by authorized agents of the county, and they were compensated from county funds.

The situation thus presented is the converse of that presented in *Thurston County Chapter, American Natl. Red Cross v. Department of Labor and Industries,* 166 Wash. 488, 7 P. (2d) 577. There, the workmen, although engaged in the maintenance and repair of public roads, were held not to be in the employ of Thurston county, because they were hired and paid by the Red Cross chapter. On the same principle, the workman here was in the employ of the county, although the situs of his labor was on the property of the American Legion.

Judgment affirmed.