County Hospital Employees — Members — Retirement System Employees of Mission Hill Memorial Hospital are "employees" as that term is used in 74 O.S. 902 [74-902](15) (1968), because they are employees of Pottawatomie County. The employees of a county hospital operated and maintained through a Board of Control are employees of the county and if the county is a participating employer in the system, these employees should be enrolled in the Public Employees Retirement System provided they meet all other requirements for enrollment. The Attorney General has had under consideration your letter of July 18, 1968, wherein you ask: "Would Mission Hill Memorial Hospital, a County Hospital established under the authority of Oklahoma Statutes, Title 19, Section 781 et seq. come under the provisions of the new Oklahoma Public Employees Retirement System?" You state: "Mission Hill Memorial Hospital has a Five Member Board of Control appointed by the County Commissioners as provided by Oklahoma Statutes, Title 19, 1963, Section 789, and they have employed a Hospital Administrator and established employment and payroll policies involving the Pottawatomie County Treasurer and specific accounts as authorized by the provisions of Section 790.1 of the above mentioned title." O.S.L. 1968, chp. 400, Section 1 (74 O.S. 902 [74-902](14) (1968)) defines those employers who are eligible to enroll their employees in the Public Employees Retirement System. "'Eligible Employer', the State of Oklahoma and any county, city or town whose employees are covered by Social Security and are not covered by or eligible for another retirement plan authorized under the laws of the State of Oklahoma which is in operation on the initial entry date. . . ." O.S.L. 1968, chp. 400, Section 1 (74 O.S. 902 [74-902](15) (1968)) defines an employee as the term is used in the Retirement System Act as follows: "`Employee', any officer or employee of a participating employer, . . . ." The question is then, whether the employees of Mission Hill Memorial Hospital, a county hospital, are employees of the county and thus should be enrolled in the retirement program. I note that Pottawatomie County, an eligible employer, has taken the steps necessary to join the system and is a participating employer. In the case of Benson v. Department of Labor,180 Wn. 655, 41 P.2d 404, the Washington court held that those hired by an authorized agent of the county and compensated by county funds are county employees. In Chavez v. Sprague, 209 C.A.2d 101, 25 Cal.Rptr. 603, the California court held that a volunteer member of a county hospital staff is a county employee for the purposes of being immune from suit by indigent patients. The court reasoned that his work in the hospital was supervised and managed by the Board of Supervisors, the board created for the purpose of establishing and maintaining the county hospital, and therefore he was a county employee. Mission Hill Memorial Hospital is a hospital built under authority of 19 O.S. 781 [19-781] (1961), which provides: "All counties in the State of Oklahoma are hereby authorized to issue bonds for the purpose of purchasing sites, erecting and constructing county hospitals, . . . ." (Emphasis added) The Board of County Commissioners direct the issuing of bonds and construction of the county hospitals, but the operation of the hospitals is handled either through a leasing arrangement or by a Board of Control appointed by the County Commissioners. Title 19 O.S. 789 [19-789] (1967), provides: "It shall be the duty of the board of county commissioners to place the management and control of said hospital either under a board of control composed of five members or to lease the hospital and equipment therein to a charitable nonprofit organization. Unless the hospital is to be leased as hereinafter provided, the board of county commissioners shall appoint the five members of the board of control from the citizens at large of the county, with reference to their fitness for such office, . . . . If the board of county commissioners determines it is for the best interests of the county, they may in lieu of operation of the hospital through a board of control lease the hospital and equipment therein to a charitable nonprofit organization, . . . ." (Emphasis added) In the case of Mission Hill Memorial Hospital, the Board of County Commissioners has chosen to operate the hospital through a Board of Control. The members of the Board of Control are appointed for terms of four years. Upon appointment they take the oath required of county officers. The powers of the Board of Control are enumerated in 19 O.S. 790.1 [19-790.1](b) (1967), and include: "(b). The board of control shall in management of a county hospital: . . . . "2. Employ a competent administrator as the executive officer of the hospital and fix his compensation . . . . "12. Do all things necessary for the management, control, and government of said hospital and exercise all the rights and duties pertaining to hospital boards generally, unless such rights are specifically denied or prohibited by law." These provisions authorize the Board of Control to hire an administrator and to do all things necessary to operate the county hospital. This would include providing a staff to operate the hospital. The county is responsible for the payment of the costs necessary to maintain the county hospital, and this would include the payroll. Title 19 O.S. 786 [19-786] (1961), provides: "The Board of Control shall, before the end of each fiscal year, file with the Board of County Commissioners a report of their proceedings with reference to such hospital, and shall also file a financial statement and estimate of needs, and shall at the proper time certify the amount necessary to maintain and improve said hospital for the ensuing year. "The Excise Board of any county in this State which operates a county hospital shall make an annual levy of not less than one-fourth (1/4) of one (1) mill on all the taxable property of the county, the proceeds of which shall be credited by the county treasurer to the county hospital fund, the purpose of this levy being to supply funds for the care of the county charity patients, and shall levy annually an amount sufficient to maintain such county hospital." (Emphasis added) Title 19 O.S. 790.1 [19-790.1](c)(2) (1967), provides that the money from this tax levy is to be placed in a County Hospital Fund. Section 19 O.S. 790.1 [19-790.1](d)(2), authorizes the Board of Control to establish a salary account to cover the payroll of the employees of the hospital. This salary account is funded from the County Hospital Fund. The Board of Control, as officers of the county, manage and operate the county hospital. The county is responsible for the payroll of the employees of the county hospital. Therefore, it is the opinion of the Attorney General that the employees of Mission Hill Memorial Hospital are "employees" as that term is used in O.S.L. 1968, chp. 400, Section 1 (74 O.S. 902 [74-902](15) (1967)) because they are employees of Pottawatomie County. The employees of a county hospital operated and maintained through a Board of Control are employees of the county and if the county is a participating employer in the system, these employees should be enrolled in the Public Employees Retirement System provided they meet all other requirements for enrollment. (Prudence Little)